1  IAN FEIN (SBN 281394)
2  Natural Resources Defense Council
   111 Sutter Street, 21st Floor
3  San Francisco, CA 94104
   Telephone: (415) 875-6100
4  Fax: (415) 795-4799
   E-mail: ifein@nrdc.org
5
6  *Counsel for Plaintiff Natural Resources Defense Council*
7
8  GREGORY C. LOARIE (SBN 215859)
   Earthjustice
9  50 California Street, Suite 500
   San Francisco, CA 94111
10 Telephone: (415) 217-2000
   Fax: (415) 217-2040
11 E-mail: gloarie@earthjustice.org
12
13 *Counsel for Plaintiffs Sierra Club,*
   *Consumer Federation of America, and*
14 *Texas Ratepayers' Organization to Save Energy;*
   *Additional counsel listed on signature page*
15
16              **UNITED STATES DISTRICT COURT**
17        **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

18 NATURAL RESOURCES DEFENSE COUNCIL,          **Lead Case**
   INC.; SIERRA CLUB; CONSUMER FEDERATION
19 OF AMERICA; and TEXAS RATEPAYERS'           Case No. 17-cv-03404-VC
   ORGANIZATION TO SAVE ENERGY,
20                                             **Plaintiffs' Notice of Motion and**
21              Plaintiffs,                    **Motion for Attorneys' Fees and**
                                               **Costs**
22        v.
                                               Date: June 25, 2020
23                                             Time: 10 a.m.
   DAN R. BROUILLETTE, in his official capacity as   Judge: Hon. Vince Chhabria
24 Secretary of the United States Department of       Courtroom: 4, 17th Floor
   Energy; and the UNITED STATES DEPARTMENT
25 OF ENERGY,
26
27              Defendants,
28        and

AIR-CONDITIONING, HEATING, AND
REFRIGERATION INSTITUTE,

      Defendant-Intervenor.

The People of the STATE OF CALIFORNIA, by and
through Attorney General XAVIER BECERRA, THE
CALIFORNIA ENERGY COMMISSION, STATE OF
NEW YORK, STATE OF CONNECTICUT, STATE
OF ILLINOIS, STATE OF MAINE, STATE OF
MARYLAND, COMMONWEALTH OF
MASSACHUSETTS, STATE OF MINNESOTA, by
and through its MINNESOTA DEPARTMENT OF
COMMERCE and MINNESOTA POLLUTION
CONTROL AGENCY, STATE OF OREGON,
COMMONWEALTH OF PENNSYLVANIA, STATE
OF VERMONT, STATE OF WASHINGTON, THE
DISTRICT OF COLUMBIA, and CITY OF NEW
YORK,

      Plaintiffs,

    v.

DAN R. BROUILLETTE, as Secretary of the United
States Department of Energy, and THE UNITED
STATES DEPARTMENT OF ENERGY,

      Defendants,

    and

AIR-CONDITIONING, HEATING, AND
REFRIGERATION INSTITUTE,

      Defendant-Intervenor.

*Consolidated with*

Case No. 17-cv-03406-VC

**NOTICE OF MOTION**

PLEASE TAKE NOTICE THAT on June 25, at 10 a.m., before the Honorable Vince Chhabria, Courtroom 4, 17th Floor, 450 Golden Gate Avenue, San Francisco, California, 94102, Plaintiffs Natural Resources Defense Council, Sierra Club, Consumer Federation of America, and Texas Ratepayers' Organization to Save Energy (collectively, Plaintiffs) will and hereby do move for an award of attorneys' fees and costs in this matter pursuant to the Energy Policy and Conservation Act, 42 U.S.C. § 6305(d).

Plaintiffs respectfully move for an order awarding attorneys' fees in the sum of $681,651, which includes $42,292 in "fees-on-fees," plus expenses totaling $4,200.66, for a combined award of $685,851.66. Plaintiffs' motion relies upon an accompanying Memorandum of Points and Authorities, the concurrently filed declarations of Aaron Colangelo, Michael Rubin, Christopher Sproul, Richard T. Drury, and Daniel Cooper, and the pleadings and other papers on file in this case and in the U.S. Court of Appeals for the Ninth Circuit dockets for the appeals from this case, 9th Cir. Nos. 18-15380 and 18-15475.

Plaintiffs' counsel made a good faith effort to confer with counsel for Defendants in an attempt to resolve Plaintiffs' claim for attorneys' fees but were unable to resolve the matter.

Plaintiffs' counsel have consulted Northern District of California General Orders 72-2 and 73, and are available for a telephonic or video-conference hearing if the Court is inclined to hear oral arguments on this motion.

Dated: May 15, 2020         Respectfully submitted,

/s/ Daniel Hessel
DANIEL HESSEL, *pro hac vice*
Natural Resources Defense Council
40 West 20th Street, 11th Floor
New York, NY 10011
Telephone: (646) 889-1494
Fax: (212) 727-1773
E-mail: dhessel@nrdc.org

AARON COLANGELO, *pro hac vice*
Natural Resources Defense Council
1152 15th Street, NW, Suite 300
Washington, DC 20005
Telephone: (202) 289-2376
Fax: (415) 795-4799
E-mail: acolangelo@nrdc.org

IAN FEIN (SBN 281394)
Natural Resources Defense Council
111 Sutter Street, 21st Floor
San Francisco, CA 94104
Telephone: (415) 875-6100
Fax: (415) 795-4799
E-mail: ifein@nrdc.org

*Counsel for Plaintiff Natural Resources
Defense Council*

/s/ Timothy D. Ballo
TIMOTHY D. BALLO, *pro hac vice*
Earthjustice
1001 G Street, NW, Suite 1000
Washington, DC 20001
Telephone: (202) 745-5209
Fax: (202) 667-2356
E-mail: tballo@earthjustice.org

GREGORY C. LOARIE (SBN 215859)
Earthjustice
50 California Street, Suite 500
San Francisco, CA 94111
Telephone: (415) 217-2000
Fax: (415) 217-2040
E-mail: gloarie@earthjustice.org

*Counsel for Plaintiffs Sierra Club,
Consumer Federation of America, and
Texas Ratepayers' Organization to Save Energy*

1

2

**TABLE OF CONTENTS**

3

INTRODUCTION ................................................................................................................1

4

PROCEDURAL HISTORY ................................................................................................1

5

ARGUMENT......................................................................................................................3

6

      I.      Plaintiffs are entitled to fees under EPCA..........................................................3

7

              A.      Plaintiffs prevailed........................................................................3

8

              B.      A fee award is appropriate .........................................................4

9

      II.     Plaintiffs' requested fees are reasonable..............................................................4

10

              A.      Plaintiffs seek recovery for a reasonable number of hours..................5

11

              B.      Plaintiffs' requested rates are consistent with the
                       San Francisco market ................................................................ 8

12

              C.      Plaintiffs are entitled to "fees-on-fees" ...................................12

13

              D.      Plaintiffs are entitled to recover reasonable expenses.........................13

14

CONCLUSION ................................................................................................................13

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

## Cases

*Ackerley Commc'ns, Inc. v. City of Salem*,
    752 F.2d 1394 (9th Cir. 1985) ................................................................. 4

*Air Transp. Ass'n of Canada v. FAA*,
    156 F.3d 1329 (D.C. Cir. 1998) .............................................................. 7

*Barjon v. Dalton*,
    132 F.3d 496 (9th Cir. 1997) ................................................................. 8

*Blum v. Stenson*,
    465 U.S. 886 (1984) ............................................................................. 8

*Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*,
    532 U.S. 598 (2001) ............................................................................. 3

*Cabrales v. Cty. of Los Angeles*,
    935 F.2d 1050 (9th Cir. 1991) ............................................................... 7

*Camacho v. Bridgeport Fin., Inc.*,
    523 F.3d 973 (9th Cir. 2008) .......................................................... 8, 11

*Carbonell v. INS*,
    429 F.3d 894 (9th Cir. 2005) ................................................................. 3

*Dickey v. Advanced Micro Devices, Inc.*
    No. 15-CV-04922-HSG, 2020 WL 870928 (N.D. Cal. Feb. 21, 2020) ............................. 11

*Easley v. Collection Serv. of Nev.*,
    910 F.3d 1286 (9th Cir. 2018) ............................................................... 12

*Fox v. Vice*,
    563 U.S. 826 (2011) ............................................................................. 5

*Grouse River Outfitters Ltd. v. Oracle Corp.*,
    No. 16-CV-02954-LB, 2019 WL 6682842 (N.D. Cal. Dec. 6, 2019) ........................... 10, 11

*Hefler v. Wells Fargo & Co.*,
    No. 16-CV-05479-JST, 2018 WL 6619983 (N.D. Cal. Dec. 18, 2018)……………………..11

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983)................................................................................5

*Indep. Fed'n of Flight Attendants v. Zipes*,
    491 U.S. 754 (1989)................................................................................4

*Int'l Woodworkers of Am., AFL-CIO, Local 3-98 v. Donovan*,
    792 F.2d 762 (9th Cir. 1985)................................................................13

*Moreno v. City of Sacramento*,
    534 F.3d 1106 (9th Cir. 2008)............................................................5, 7

*Pennsylvania v. Del. Valley Citizens' Council for Clean Air*,
    483 U.S. 711 (1987)................................................................................3

*Pollinator Stewardship Council v. EPA*,
    No. 13-72346, 2017 WL 3096105 (9th Cir. June 27, 2017) .......................7, 12-13

*Resurrection Bay Conservation All. v. City of Seward*,
    640 F.3d 1087 (9th Cir. 2011)................................................................4

*Ruckelshaus v. Sierra Club*,
    463 U.S. 680 (1983)................................................................................3

*Saint John's Organic Farm v. Gem Cty. Mosquito Abatement Dist.*,
    574 F.3d 1054 (9th Cir. 2009)................................................................4

*Teitelbaum v. Sorenson*,
    648 F.2d 1248 (9th Cir. 1981)................................................................4

*Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*,
    489 U.S. 782 (1989)................................................................................3

## Statutes and Regulations

85 Fed. Reg. 1378 (Jan. 10, 2020).............................................................1, 2

85 Fed. Reg. 1447 (Jan. 10, 2020).............................................................1, 2

85 Fed. Reg. 1504 (Jan. 10, 2020).............................................................1, 2

85 Fed. Reg. 1592 (Jan. 10, 2020).........................................................1, 2, 3

iii
Plaintiffs' Motion for Attorneys' Fees and Costs
Nos. 17-cv-03404-VC & 17-cv-03406-VC

10 C.F.R. § 430.5 ....................................................................................................... 1-2

42 U.S.C. § 6201(4)-(5) .................................................................................................. 3

42 U.S.C. § 6295(o)(2)(A) ........................................................................................... 3-4

42 U.S.C. § 6305(d) ......................................................................................... 1, 3, 13

42 U.S.C. § 6313(a)(6)(A) ............................................................................................. 4

42 U.S.C. § 6316(a) ........................................................................................................ 4

Pub. L. No. 94-163, § 2(4)-(5), 89 Stat. 871 (1975) ...................................................... 3

## INTRODUCTION

Plaintiffs Natural Resources Defense Council (NRDC), Sierra Club, Consumer Federation of America, and Texas Ratepayers' Organization to Save Energy (collectively, Plaintiffs) seek an award of reasonable attorneys' fees and costs after successfully challenging the Department of Energy's (DOE's) failure to submit four energy-conservation standards for publication in the Federal Register, in violation of its own regulations. Plaintiffs prevailed in this Court, which denied DOE's motion to dismiss, granted summary judgment to Plaintiffs, and ordered DOE to submit the rules for publication. The Ninth Circuit affirmed that decision. After nearly three years of unwarranted delay, DOE submitted the rules for publication, and they took effect two months ago. *See* 85 Fed. Reg. 1378 (Jan. 10, 2020); 85 Fed. Reg. 1447 (Jan. 10, 2020); 85 Fed. Reg. 1504 (Jan. 10, 2020); 85 Fed. Reg. 1592 (Jan. 10, 2020). The standards will reduce carbon dioxide emissions by an estimated 99 million metric tons and save consumers and businesses an estimated $8.4 billion over a 30-year period. *See* Order Den. Defs.' Mots. to Dismiss and Granting Pls.' Mots. for Summ. J. (Order), ECF No. 81, at 2 (citing DOE conclusions).

Having prevailed in this case and achieved meaningful results of national importance, Plaintiffs respectfully move the Court for an award of reasonable attorneys' fees and costs, pursuant to the fee-shifting provision of the Energy Policy and Conservation Act (EPCA), 42 U.S.C. § 6305(d). Plaintiffs' requested fee award is warranted because they prevailed on the merits, vindicating EPCA, and because no special circumstances would render the award unjust. Plaintiffs seek recovery of $685,851.66. This figure reflects a reasonable amount of time expended to litigate this hard-fought case, at hourly rates consistent with the San Francisco legal market, plus modest costs, as detailed below. Plaintiffs' request should be awarded in full.

## PROCEDURAL HISTORY

Plaintiffs filed this lawsuit to challenge DOE's failure to submit four important energy-conservation standards for publication in the Federal Register. ECF Nos. 1, 43.

DOE had violated its own "Error Correction Rule," 10 C.F.R. § 430.5 (2019), which compels it to publish such standards after a period of limited review. ECF No. 1 ¶¶ 88-89; ECF No. 43 ¶¶ 116-17. An industry group, the Air-Conditioning, Heating, and Refrigeration Institute (AHRI), intervened to defend DOE's inaction, and Plaintiffs' case was consolidated with a similar lawsuit filed by a coalition of states, state agencies, and cities. ECF No. 40. Defendants and Defendant-Intervenor moved to dismiss Plaintiffs' claims, raising a slew of defenses. ECF Nos. 46, 48. Plaintiffs opposed those motions and sought summary judgment, ECF No. 65, as did the separate government plaintiffs, ECF No. 67.

On February 15, 2018, this Court denied the motions to dismiss and granted the motions for summary judgment. ECF Nos. 81, 82. The Court held that the Error Correction Rule established a non-discretionary duty to submit final energy-conservation standards for publication in the Federal Register and ordered DOE to do so. Order at 8-9. Defendants and Defendant-Intervenor both appealed, ECF Nos. 85, 92, and both asked the Court to stay its Order pending appeal, ECF Nos. 86, 87, 93. The Court twice declined to grant a stay. ECF Nos. 90, 98. On Defendants' and Defendant-Intervenor's motions and over Plaintiffs' opposition, the Ninth Circuit stayed the Order pending its review. Order, No. 18-15380 (9th Cir. Apr. 11, 2018), Dkt. No. 42; Order, No. 18-15475 (9th Cir. Apr. 11, 2018), Dkt. No. 38.

After full briefing and argument, the Ninth Circuit affirmed this Court's February 15, 2018 Order in full, holding that the Court had jurisdiction to hear the case and that DOE had violated its Error Correction Rule. *See* ECF No. 106. As a result, DOE finally submitted the energy-conservation standards for publication in the Federal Register, and they took effect on March 20, 2020. *See* 85 Fed. Reg. at 1378; 85 Fed. Reg. at 1447; 85 Fed. Reg. at 1504; 85 Fed. Reg. at 1593. The Ninth Circuit granted Plaintiffs' unopposed request to transfer to this Court consideration of fees incurred on appeal. ECF No. 108. This Court entered several joint stipulations extending the deadline to seek fees to permit the parties to attempt a settlement. ECF Nos. 84, 103, 110, 113. The parties were unable to reach a settlement, and Plaintiffs now move for fees within the stipulated timeframe, ECF No. 113.

1

**ARGUMENT**

2

**I.      Plaintiffs are entitled to fees under EPCA**

3

EPCA provides that a court "may award costs of litigation (including reasonable

4

attorney and expert witness fees) to any party, whenever the court determines such award

5

is appropriate." 42 U.S.C. § 6305(d). Plaintiffs are entitled to a fee award because (1) they

6

are prevailing parties, *see Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S.

7

711, 715 (1987), and (2) a fee award is "appropriate," 42 U.S.C. § 6305(d).

8

**A.      Plaintiffs prevailed**

9

Plaintiffs meet both "criteria to qualify as a prevailing party." *Carbonell v. INS*, 429

10

F.3d 894, 898 (9th Cir. 2005). They "achieve[d] a 'material alteration of the legal

11

relationship of the parties,'" and "that alteration . . . [was] 'judicially sanctioned.'" *Id.*

12

(quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S.

13

598, 604-05 (2001)). Plaintiffs asked this Court to declare that DOE violated the law and

14

order it to submit the energy-conservation standards for publication. *See* ECF No. 43 at 34.

15

The Court did both of those things, and the Ninth Circuit affirmed that decision. As a

16

result, the energy-conservation standards have taken effect, *see, e.g.*, 85 Fed. Reg. at 1593, to

17

the benefit of Plaintiffs and their members, *see, e.g.*, Guerrero Decl., ECF No. 65-3; Vigliotti

18

Decl., ECF No. 65-4; Biedrzycki Decl., ECF No. 65-7. This Court's Order—as affirmed by

19

the Ninth Circuit—materially altered the legal relationship between Plaintiffs and DOE,

20

making Plaintiffs prevailing parties.

21

Plaintiffs also prevailed "in a manner which Congress sought to promote in

22

[EPCA]." *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 793 (1989). Their

23

victory helped "achieve[] . . . statutory goals." *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 706

24

(1983) (citation omitted). Congress passed EPCA in part to "conserve energy supplies

25

through energy conservation programs" and improve energy efficiency of major

26

appliances and consumer goods. Pub. L. No. 94-163, § 2(4)-(5), 89 Stat. 871, 874 (1975)

27

(codified as amended at 42 U.S.C. § 6201(4)-(5)). The statute, as amended, requires DOE to

28

establish cost-effective, technologically feasible conservation standards for consumer and

commercial products to achieve "maximum improvement in energy efficiency." 42 U.S.C. § 6295(o)(2)(A); *see also id.* §§ 6313(a)(6)(A), 6316(a). Plaintiffs' victory furthers those goals: the now-promulgated standards promote energy efficiency, saving billions of dollars and reducing carbon dioxide emissions over 30 years. Order at 2 (citing DOE conclusions).

### B.   A fee award is appropriate

A fee award is appropriate here because no "special circumstances would render such an award unjust." *Saint John's Organic Farm v. Gem Cty. Mosquito Abatement Dist.*, 574 F.3d 1054, 1062 (9th Cir. 2009) (emphasis and citation omitted) (interpreting analogous language in the Clean Water Act); *see also Indep. Fed'n of Flight Attendants v. Zipes*, 491 U.S. 754, 758 n.2 (1989) ("[F]ee-shifting statutes' similar language is 'a strong indication' that they are to be interpreted alike." (citation omitted)).

The Ninth Circuit has "interpreted the 'special circumstances' standard . . . quite strictly," with fee awards "'the rule rather than the exception.'" *Saint John's*, 574 F.3d at 1062 (quoting *Ackerley Commc'ns, Inc. v. City of Salem*, 752 F.2d 1394, 1396 (9th Cir. 1985)). "Under this standard, 'the [C]ourt's discretion to deny a fee award to a prevailing plaintiff is narrow,' and a denial of fees on the basis of 'special circumstances' is 'extremely rare.'" *Id.* at 1063-64 (citations omitted). No such special circumstances are present here, particularly because DOE's good-faith belief that it adhered to the law does not qualify as a special circumstance. *Teitelbaum v. Sorenson*, 648 F.2d 1248, 1250-51 (9th Cir. 1981); *see also Resurrection Bay Conservation All. v. City of Seward*, 640 F.3d 1087, 1092-93 (9th Cir. 2011) (discussing examples of special circumstances warranting fee award denial, none of which applies here).

*              *              *

In light of their victory in this case, which furthered EPCA's purposes, and in the absence of any special circumstances, Plaintiffs are entitled to recover fees.

## II.   Plaintiffs' requested fees are reasonable

Plaintiffs are entitled to recover reasonable attorneys' fees for their efforts. To determine what is reasonable, the Court should examine the "lodestar," calculated by

multiplying the number of hours Plaintiffs' counsel reasonably spent on this litigation by reasonable hourly rates. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). Using this method, Plaintiffs are entitled to $685,851.66, which includes $4,200.66 in expenses and $42,292 in "fees-on-fees" to date.

## A.  Plaintiffs seek recovery for a reasonable number of hours

Plaintiffs are entitled to recover "time [that] could reasonably have been billed to a private client." *Moreno*, 534 F.3d at 1111. In evaluating the hours billed, "trial courts need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). The goal of fee shifting "is to do rough justice, not to achieve auditing perfection." *Id*.

Plaintiffs seek fees for the work of five attorneys—four of whom worked on the merits of the case and one of whom joined to litigate fees—as well as paralegal time. They seek recovery for 923.5 hours of attorney and paralegal time for the merits litigation, as detailed in their lodestar calculations, *infra* Part II.B. This is a reasonable amount of time to litigate a heavily contested case against well-represented adversaries in this Court and in the Ninth Circuit.

Plaintiffs' counsel kept contemporaneous billing records that reflect each lawyer's work. Colangelo Decl., Ex. 2 (attaching merits timesheets). They conducted a line-by-line review of their timesheets and made "a good faith effort to exclude from [their] fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. As part of this process, Plaintiffs' counsel cut all travel time, totaling 49.2 total hours, which, if billed at half the hourly market rates Plaintiffs seek, would have a value of $19,777.50. Colangelo Decl. ¶ 31(a). They cut 34.6 hours spent opposing Defendant-Intervenor's motion to intervene, which, if billed at market rates, would have a value of $25,880.50. *Id*. ¶ 31(b). Plaintiffs also capped time spent preparing for oral argument before the Ninth Circuit at 80 hours, removing 47.2 hours actually expended, which, if billed at market rates, would have a value of $29,500. *Id*. ¶ 31(c). These cuts alone amount to a nearly 12 percent reduction in Plaintiffs' merits fees. *Id*. ¶ 31(d).

Plaintiffs also seek fee recovery only for the core group of lawyers who worked on the merits of the case and on this fee motion, even though other lawyers played important roles and contributed to the case at each stage. In limiting this fee request to the principal attorneys on the case, Plaintiffs cut all time spent by the following additional lawyers:

- Katherine Kennedy, a Senior Director of NRDC's Climate and Clean Energy Program and a nationally recognized environmental lawyer who has litigated precedent-setting cases in energy policy, and who was involved in developing litigation strategy and advising on major court filings in this case;

- Benjamin Longstreth, a senior attorney and Deputy Director of the Federal Policy Group in NRDC's Climate and Clean Energy Program, who advised on case strategy at the outset of the case and reviewed the initial pleadings;

- Daniel Carpenter-Gold, a former NRDC litigation fellow, who conducted legal research and reviewed and edited the merits brief on appeal;

- Gregory Loarie, a staff attorney at Earthjustice in San Francisco, who served as local counsel and reviewed court filings for substance and for compliance with all relevant local rules; and

- several other NRDC lawyers who joined moot courts to help prepare arguing counsel for their oral arguments and who cite-checked each of Plaintiffs' significant filings.

*Id*. ¶ 30(a)-(e).

Plaintiffs also cut all time recorded by legal interns who conducted research for this case. *Id*. ¶ 30(f). Finally, Plaintiffs do not seek compensation for the work of NRDC's in-house expert, Lauren Urbanek—who drafted and filed two declarations and advised Plaintiffs' counsel on technical aspects of the case and the conservation standards at issue. *Id*. ¶ 32.

All of this time is compensable but, in an exercise of discretion, Plaintiffs have chosen to cut it to eliminate any possible redundancies and to be conservative in their fee request.

Given the work involved, the results achieved, the careful review of billing records,

and the exclusion of many hours of compensable time as described above, Plaintiffs'
request to be compensated for 923.5 total hours is reasonable. The Court should "defer to
the winning lawyer[s'] professional judgment as to how much time [they were] required to
spend on the case," especially where, as here, Plaintiffs' counsel litigated the case pro
bono, giving them no incentive "to spend unnecessary time . . . in the hope of inflating
their fees." *Moreno*, 534 F.3d at 1112.

Plaintiffs acknowledge that, while they successfully opposed two stay motions
before this Court, the Ninth Circuit stayed the Court's Order over their opposition. Order,
No. 18-15380 (9th Cir. Apr. 11, 2018), Dkt. No. 42; Order, No. 18-15475 (9th Cir. Apr. 11,
2018), Dkt. No. 38. Plaintiffs are still entitled to recover fees for efforts to oppose a stay.
"[A] plaintiff who is unsuccessful at a stage of litigation that was a necessary step to her
ultimate victory is entitled to attorney's fees even for the unsuccessful stage." *Cabrales v.*
*Cty. of Los Angeles*, 935 F.2d 1050, 1053 (9th Cir. 1991). This includes opposing a stay,
especially where, as here, the opposition discussed the merits on which Plaintiffs
ultimately prevailed. *See Air Transp. Ass'n of Canada v. FAA*, 156 F.3d 1329, 1335 (D.C. Cir.
1998) (awarding fees for unsuccessfully seeking stay pending successful petition for
review because "preparing arguments on the 'likelihood of success,' contributed to the
ultimate result"); *see also* Opp'n to Defs.' Emergency Mot. for Stay Pending Appeal at 15-
26, No. 18-15380 (9th Cir. Mar. 30, 2018), Dkt. No. 21 (arguing Defendants were unlikely to
succeed).

A small part of Plaintiffs' work on this case responded directly to AHRI and not
DOE. That time is compensable, too, "[b]ecause [Plaintiffs'] attorneys' fees for the [AHRI]-
related work were incurred in opposing improper government resistance to their rightful
demands." *Pollinator Stewardship Council v. EPA*, No. 13-72346, 2017 WL 3096105, at *10
(9th Cir. June 27, 2017). However, as mentioned above, Plaintiffs have excluded 34.6 hours
spent opposing AHRI's intervention, Colangelo Decl. ¶ 31(b), although that time is likely
compensable, *Pollinator*, 2017 WL 3096105, at *8-*10 (holding EPA must compensate time
spent indicating that plaintiff took no position on industry intervention to defend agency

decision).

The resulting total request—923.5 hours—is reasonable. This case required substantial briefing and oral arguments before this Court and on appeal. The briefing and arguments involved several jurisdictional issues regarding discretionary versus non-discretionary agency action, nuanced questions of regulatory interpretation, and complex matters of administrative law, litigated by two sets of sophisticated defendants. Plaintiffs also had to prepare detailed factual submissions to prove their standing and oppose multiple requests for a stay pending appeal, two of which were filed on an emergency basis. This was a hard-fought case, involving matters of national consequence.

Finally, Plaintiffs litigated the case efficiently. After reductions, Plaintiffs' lead counsel, Jennifer Sorenson, billed fewer than 460 hours developing and litigating this case from February 2017 to June 2018. Ian Fein, who handled much of the appellate briefing and argued before the Ninth Circuit, billed just over 160 hours on those efforts, after reductions. Aaron Colangelo, who supervised all work on this case, spent fewer than 130 hours for the entire merits portion of the case, and Timothy Ballo, lead counsel for three of the Plaintiffs, spent approximately 150 hours. *See* Colangelo Decl., Ex. 1. In light of the complexity of this case, a total of 923.5 hours indicates efficiency.

**B.    Plaintiffs' requested rates are consistent with the San Francisco market**

Plaintiffs are entitled to recover fees at the "rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Barjon v. Dalton*, 132 F.3d 496, 502 (9th Cir. 1997) (citation omitted). Market rates apply "regardless of whether [a] plaintiff is represented by private or nonprofit counsel." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The relevant legal community for this case is San Francisco, where this Court sits. *See Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008).

Below, Plaintiffs describe briefly the background and role of each lawyer for whom they seek fee recovery. *See also* Colangelo Decl., Exs. 6-10 (attorneys' resumes).

- Jennifer Sorenson served as principal counsel for NRDC in this case. Ms. Sorenson

graduated from Yale Law School in 2009, where she was a member of the *Yale Law Journal* and a Coker Teaching Fellow in Constitutional Law. She clerked for Judge Marsha Berzon on the Ninth Circuit before joining NRDC in 2010. She was a Senior Attorney at NRDC while litigating this case. Plaintiffs seek fees for Ms. Sorenson at hourly rates of $650 and $700 for work conducted in 2017 and 2018, respectively.

- Ian Fein participated in the case at the Ninth Circuit and argued the appeal. Mr. Fein graduated in 2011 from University of California, Berkeley, School of Law, where he was editor-in-chief of the *California Law Review*. He clerked for Judge William Fletcher of the Ninth Circuit, Judge Judith Rogers of the D.C. Circuit, and Supreme Court Justice Elena Kagan. Mr. Fein worked in private practice at Orrick, Herrington, & Sutcliffe LLP and at a small San Francisco-based law firm before joining NRDC, where he is now a Senior Attorney. Plaintiffs seek fees for Mr. Fein at hourly rates of $625 and $650 for work conducted in 2018 and 2019, respectively.

- Aaron Colangelo supervised the litigation for NRDC, engaging in litigation strategy discussions, reviewing and editing all filings, and researching and drafting some of the court papers. Mr. Colangelo graduated cum laude from Harvard Law School in 1999, where he was an editor on the *Harvard Law Review*, and he worked as a litigation associate at Covington & Burling LLP from 1999 to 2001. He has litigated environmental matters at NRDC since 2001 and served as one of NRDC's co-litigation directors from 2015 until early 2020. He is now NRDC's Chief Litigating Counsel. Plaintiffs seek fees for Mr. Colangelo at hourly rates of $815 for work conducted in 2017; $830 for work in 2018; and $850 for work in 2019 and 2020.

- Timothy Ballo of Earthjustice served as lead counsel for plaintiffs Sierra Club, the Consumer Federation of America, and the Texas Ratepayers' Organization to Save Energy. Mr. Ballo earned a law degree from Washington and Lee University in 2004 and a master's degree from Columbia University in 2006. While he was at Columbia, Mr. Ballo litigated environmental cases part time. He joined Earthjustice as an associate attorney in 2007 and is now a staff attorney in the Washington, D.C. office. Plaintiffs

seek fees for Mr. Ballo at hourly rates of $775 for work conducted in 2017; $785 for work in 2018; and $800 for work in 2019.

- Daniel Hessel, a litigation fellow at NRDC, joined this case to litigate fee recovery. He graduated from Yale Law School in 2016 and clerked for Judge Christopher R. Cooper of the U.S. District Court for the District of Columbia. Plaintiffs seek fees for Mr. Hessel at hourly rates of $370 and $410 for work conducted in 2019 and 2020, respectively.

- Plaintiffs also seek recovery for paralegal time at an hourly rate of $200.

Plaintiffs seek fees that are consistent with San Francisco market rates for lawyers of comparable skill, experience, and reputation, as demonstrated by declarations from practitioners from small and large firms who are familiar with the San Francisco market and the backgrounds and skills of Plaintiffs' counsel. *See* Rubin Decl. ¶ 11; Sproul Decl. ¶¶ 17-18, 24-30; Drury Decl. ¶¶ 7-14, 25-27; Cooper Decl. ¶¶ 14-26.

These rates are comparable to what one prominent San Francisco law firm charges its commercial clients, Rubin Decl. ¶ 11, and what a boutique environmental law firm bills its clients, Drury Decl. ¶ 17; *see also* Cooper Decl. ¶ 10 (market rates billed by San Francisco attorneys practicing environmental and natural resources law range from $300 to over $1,000 per hour). They are less than another firm recovered recently—even at a rate that was a "significant discount" from what the firm typically charges. *Grouse River Outfitters Ltd. v. Oracle Corp.*, No. 16-CV-02954-LB, 2019 WL 6682842, at *3 (N.D. Cal. Dec. 6, 2019). Billing surveys of San Francisco law firms further confirm the reasonableness of Plaintiffs' requested rates. *See* Drury Decl. ¶¶ 21-23 & Exs. A-B (discussing *2018 Partner Compensation Survey* and December 2014 *National Law Journal* billing survey).

The rates are also commensurate with rates found reasonable for lawyers with similar experience in several recent attorney-fee decisions in this district. In *Grouse*, for example, the court awarded between $787.50 and $840 per hour for an attorney with 16 years of experience; between $746 and $796 per hour for an attorney with 10 years of experience; between $713 and $760 per hour for two attorneys with six to seven years of experience; between $510 and $544 per hour for an attorney with two years of experience;

and between $416 and $444 per hour for an attorney with one year of experience. *Grouse*, 2019 WL 6682842, at *3; Decl. of Sarah M. Ray, No. 3:16-CV-02954-LB (N.D. Cal. Oct. 4, 2019), ECF No. 388 (attorney backgrounds); Sproul Decl. ¶ 20 & n.3. The *Grouse* court noted that "[t]he rates [we]re consistent with the prevailing rates for lawyers in the district and the rates that courts have awarded . . . large law firms in complex civil matters." 2019 WL 6682842, at *6.

Grouse *is no outlier. In* Dickey v. Advanced Micro Devices, Inc.*, the court found the following rates to be reasonable for work on a class action lawsuit between 2015 and 2019: $1,000 per hour for an attorney with 23 years of experience; $725 per hour for an attorney with 18 years of experience; $850 and $725 per hour, respectively, for a managing attorney and an attorney, each of whom had 15 years of experience; $700 per hour for an attorney with 11 years of experience; and between $275 and $575 per hour for associates and summer associates. No. 15-CV-04922-HSG, 2020 WL 870928, at *8-*9 (N.D. Cal. Feb. 21, 2020); Decl. of Rafey S. Balabanian, No. 4:15-CV-04922-HSG (N.D. Cal. Nov. 15, 2019), ECF No. 161-1 (rates requested); Sproul Decl. ¶ 19 & n.2 (attorney experience). Similarly, the court in *Hefler v. Wells Fargo & Co.* found reasonable "rates rang[ing] from $650 to $1,250 for partners or senior counsel, from $400 to $650 for associates, and from $245 to $350 for paralegals." No. 16-CV-05479-JST, 2018 WL 6619983, at *14 (N.D. Cal. Dec. 18, 2018), *aff'd sub nom. Hefler v. Pekoc*, 802 Fed. App'x 285 (9th Cir. 2020). The declarations Plaintiffs have submitted discuss additional cases demonstrating that the rates Plaintiffs seek are within the range awarded or approved by courts in this district. *See* Rubin Decl. ¶ 12; Sproul Decl. ¶¶ 18-23.

The declarations, court decisions, and billing surveys Plaintiffs and their declarants submit more than suffice to demonstrate that Plaintiffs' requested rates are reasonable. *See, e.g.*, *Camacho*, 523 F.3d at 980.

When these annual hourly rates are applied to the time worked by Plaintiffs' counsel (as reduced in an exercise of billing judgment), Plaintiffs' lodestar for merits work

is as follows:

|  | Colangelo | Ballo | Sorenson | Fein | Paralegal | **All** |
|---|---|---|---|---|---|---|
| *2017 Hours* | *37.1* | *66.2* | *244.6* | *-* | *1.7* | ***349.6*** |
| 2017 Rate | $815 | $775 | $650 | - | $200 | **-** |
| 2017 Total | $30,236.50 | $51,305 | $158,990 | - | $340 | **$240,871.50** |
| *2018 Hours* | *91.2* | *82.9* | *214.2* | *155* | *21* | ***564.3*** |
| 2018 Rate | $830 | $785 | $700 | $625 | $200 | **-** |
| 2018 Total | $75,696 | $65,076.50 | $149,940 | $96,875 | $4,200 | **$391,787.50** |
| *2019 Hours* | *0.8* | *2.0* | *-* | *6.8* | *-* | ***9.6*** |
| 2019 Rate | $850 | $800 | - | $650 | - | **-** |
| 2019 Total | $680 | $1,600 | - | $4,420 | - | **$6,700** |
| **Lodestar** | $106,612.50 | $117,981.50 | $308,930 | $101,295 | $4,540 | **$639,359** |

### C.   Plaintiffs are entitled to "fees-on-fees"

Plaintiffs are entitled to recover for time spent preparing this fee motion. *See, e.g.,* *Easley v. Collection Serv. of Nev.*, 910 F.3d 1286, 1291-92 (9th Cir. 2018). Plaintiffs seek fees for the work of Aaron Colangelo and Daniel Hessel, the two lawyers who primarily handled fee recovery, at the hourly rates noted above, *supra* Part II.B.

Plaintiffs exercised billing judgment to exclude some time spent on this motion. Specifically, Plaintiffs are excluding all time spent by Timothy Ballo and Ian Fein in helping prepare and review this fee motion, as well as all paralegal time devoted to the motion. Colangelo Decl. ¶ 31(h). Plaintiffs are also excluding all time spent reviewing attorneys' timesheets to avoid redundancies or excess billing, as well as time spent helping to prepare declarations other than Mr. Colangelo's. *Id.* ¶ 31(f)-(g). Finally, Plaintiffs do not seek to recover for time spent on unsuccessful fee negotiations. *Id.* ¶ 31(e). All of this time is compensable, but Plaintiffs have declined to seek recovery for these hours to ensure that their fee request is conservative.

Plaintiffs seek compensation for 78.4 hours spent on this motion: 53.9 hours by Daniel Hessel and 24.5 hours by Aaron Colangelo. *See* Colangelo Decl., Exs. 3-4 (fees summary and timesheets). 78.4 hours is a reasonable amount of time to expend on a fee recovery motion. *See Pollinator*, 2017 WL 3096105, at *14 (holding that 84.93 hours is reasonable for a fee application). When the annual hourly rates identified in Part II.B

applied to the time worked by Plaintiffs' counsel (as reduced in an exercise of billing

judgment), Plaintiffs' lodestar for fees work is as follows:

|  | Colangelo | Hessel | **All** |
|---|---|---|---|
| *2019 Hours* | *3.2* | *15.8* | ***19*** |
| 2019 Rate | $850 | $370 | **-** |
| 2019 Total | $2,720 | $5,846 | **$8,566** |
| *2020 Hours* | *21.3* | *38.1* | ***59.4*** |
| 2020 Rate | $850 | $410 | **-** |
| 2020 Total | $18,105 | $15,621 | **$33,726** |
| **Lodestar** | $20,825 | $21,467 | **$42,292** |

### D.    Plaintiffs are entitled to recover reasonable expenses

Plaintiffs are also entitled to recover for reasonable and appropriate "costs of

litigation" beyond attorneys' fees. 42 U.S.C. § 6305(d). Plaintiffs and their counsel incurred

necessary expenses of $4,200.66 in this case, for such things as service of process, printing,

and travel. A spreadsheet detailing each cost is attached as an exhibit in support of this

motion. *See* Colangelo Decl., Ex. 5. "[A]wards of such costs—costs that are ordinarily billed

to a client—are routine under . . . fee statutes." *Int'l Woodworkers of Am., AFL-CIO, Local 3-*

*98 v. Donovan*, 792 F.2d 762, 767 (9th Cir. 1985). The Court should award these expenses in

full.

### CONCLUSION

Plaintiffs therefore respectfully request that the Court award attorneys' fees and

costs in the amount of $685,851.66—the sum of $639,359 for the merits litigation, $4,200.66

in costs, and $42,292 for the fee litigation.

Dated: May 15, 2020                    Respectfully submitted,

/s/ Daniel Hessel
DANIEL HESSEL, *pro hac vice*
Natural Resources Defense Council
40 West 20th Street, 11th Floor
Telephone: (646) 889-1494
Fax: (212) 727-1773
E-mail: dhessel@nrdc.org

AARON COLANGELO, *pro hac vice*
Natural Resources Defense Council
1152 15th Street, NW, Suite 300
Washington, DC 20005
Telephone: (202) 289-2376
Fax: (415) 795-4799
E-mail: acolangelo@nrdc.org

IAN FEIN (SBN 281394)
Natural Resources Defense Council
111 Sutter Street, 21st Floor
San Francisco, CA 94104
Telephone: (415) 875-6100
Fax: (415) 795-4799
E-mail: ifein@nrdc.org

*Counsel for Plaintiff Natural Resources
Defense Council*

/s/ Timothy D. Ballo
TIMOTHY D. BALLO, *pro hac vice*
Earthjustice
1001 G Street, NW, Suite 1000
Washington, DC 20001
Telephone: (202) 745-5209
Fax: (202) 667-2356
E-mail: tballo@earthjustice.org

GREGORY C. LOARIE (SBN 215859)
Earthjustice
50 California Street, Suite 500
San Francisco, CA 94111

Telephone: (415) 217-2000
Fax: (415) 217-2040
E-mail: gloarie@earthjustice.org

*Counsel for Plaintiffs Sierra Club,*
*Consumer Federation of America, and*
*Texas Ratepayers' Organization to Save Energy*