1   XAVIER BECERRA
    Attorney General of California
2   DAVID A. ZONANA (SBN: 196029)
    Supervising Deputy Attorney General
3   Jamie Jefferson (SBN: 197142)
    Somerset Perry (SBN: 293316)
4   Deputy Attorneys General
      1515 Clay Street, Suite 2000
5     Oakland, CA 94612
      Telephone:  (510) 879-0852
6     Fax:  (510) 622-2270
      E-mail:  Somerset.Perry@doj.ca.gov
7
    *Attorneys for the People of the State of California,*
8   *by and through Attorney General Xavier Becerra*

9                    IN THE UNITED STATES DISTRICT COURT

10                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12

13

14   **NATURAL RESOURCES DEFENSE**          **Lead Case**
     **COUNCIL, INC.; SIERRA CLUB;**
15   **CONSUMER FEDERATION OF**             Case No. 17-cv-03404-VC
     **AMERICA; and TEXAS RATEPAYERS'**
16   **ORGANIZATION TO SAVE ENERGY,,**

17                          Plaintiffs,    **STATE PLAINTIFFS' MOTION FOR**
                                           **ATTORNEYS' FEES AND COSTS AND**
18            **v.**                       **MEMORANDUM OF POINTS AND**
                                           **AUTHORITIES**
19
                                           Date:        No Hearing Date Requested at
20   **RICK PERRY, in his official capacity as**              This Time
     **Secretary of the United States Department**   Judge:       Hon. Vince Chhabria
21   **of Energy; and the UNITED STATES**     Action Filed: June 13, 2017
     **DEPARTMENT OF ENERGY,**

22                          Defendants,

23            **and**

24   **AIR CONDITIONING, HEATING, AND**
     **REFRIGERATION INSTITUTE,**
25
                     Defendant-Intervenor.
26

27

28

**THE PEOPLE OF THE STATE OF CALIFORNIA, BY AND THROUGH ATTORNEY GENERAL XAVIER BECERRA, THE CALIFORNIA ENERGY COMMISSION, STATE OF NEW YORK, STATE OF CONNECTICUT, STATE OF ILLINOIS, STATE OF MAINE, STATE OF MARYLAND, COMMONWEALTH OF MASSACHUSETTS, STATE OF MINNESOTA, BY AND THROUGH ITS MINNESOTA DEPARTMENT OF COMMERCE AND MINNESOTA POLLUTION CONTROL AGENCY, STATE OF OREGON, COMMONWEALTH OF PENNSYLVANIA, STATE OF VERMONT, STATE OF WASHINGTON, THE DISTRICT OF COLUMBIA and CITY OF NEW YORK,**

Plaintiffs,

v.

**DAN R. BROUILLETTE, AS SECRETARY OF UNITED STATES DEPARTMENT OF ENERGY, and THE UNITED STATES DEPARTMENT OF ENERGY,**

Defendants,

**and**

**AIR CONDITIONING, HEATING, AND REFRIGERATION INSTITUTE,**

Defendant-Intervenor.

*Consolidated with*

Case No. 17-cv-03406-VC

# TABLE OF CONTENTS

**Page**

L.R. 54-5(B)(1) CERTIFICATION ................................................................................. 1

NOTICE OF MOTION AND MOTION ......................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................... 2

    I.      INTRODUCTION ............................................................................... 2

    II.     SUMMARY OF THE LITIGATION ................................................ 2

         A.    DOE Refuses to Publish Four Final Energy Efficiency Standards ............ 2

         B.    The District Court Litigation ...................................................... 3

         C.    DOE's Appeal ........................................................................... 4

         D.    Post Appeal Proceedings ........................................................... 5

    III.    AN AWARD OF REASONABLE ATTORNEYS' FEES AND COSTS TO STATE PLAINTIFFS IS ENTIRELY APPROPRIATE .............................. 6

         A.    The Energy Policy Conservation Act's Citizen Suit Provision Provides for Recovery of Attorneys' Fees and Costs Where Appropriate ................................................................................ 6

         B.    Attorneys' Fees are Appropriate Given State Plaintiffs Prevailed in this Important Litigation ............................................................ 6

         C.    State Plaintiffs' Lodestar Attorneys' Fee Request is Reasonable .............. 7

            1.    Market Rates in the Relevant Community ...................................... 7

            2.    The Number of Hours State Plaintiffs Seek Fees for is Reasonable ......................................................................... 9

                a.    This Case was Novel, Complex and Hard Fought ........... 11

                b.    Duplicative and Ineffective Time was Removed from the Total Hours Claimed .......................................... 12

    IV.    CONCLUSION ................................................................................. 13

1

**TABLE OF AUTHORITIES**

2

**Page**

3

**CASES**
*Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245 (N.D. Cal. 2015).........................................8
*Blum v. Stevenson*, 465 U.S. 886 (1984)..................................................................................7
*Cabrales v. City of Los Angeles*, 935  F.2d 1050 (9th Cir. 1991)................................................11
*Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973 (9th Cir. 2008) ................................................8
*Donnell v. United States*, 682 F.2d 240 (D.C. Cir. 1982)..........................................................7
*G.F. v. Contra Costa County*, No. 13-CV-03667-MEJ, 2015 WL 7571789 (N.D. Cal., Nov. 25, 2015) .................................................................................................................................7
*Grouse River Outfitters Ltd. v. Oracle Corp.*, No. 16-CV-02954-LB, 2019 WL 6682842 (N.D. Cal., Dec. 6, 2019) ............................................................................................................8
*Hensley v. Eckerhart*, 461 U.S. 424 (1983) ............................................................................6
*In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011)..................................7
*Moreno v. City of Sacramento*, 534 F.3d 1106 (9th Cir. 2008) ..................................................7
Natural Resources Defense Council v. Perry, 940 F.3d 1072 (9th Cir. 2019)...............................3
*Natural Resources Defense Council, Inc., et al. v. Perry*, 302 F.Supp.3d 1094 (N.D. Cal. 2018).. 2
*Pollinator Stewardship Council v. U.S. Environmental Protection Agency*, No. 13-72346, 2017 WL 3096105 (9th Cir. June 27, 2017).........................................................................................8
*Prison Legal News v. Schwarzenegger*, 608 F.3d 446 (9th Cir. 2010)..........................................8
*Sierra Club v. Jackson*, 926 F.Supp.2d 341 (D.D.C. 2013)................................................... 6, 7
*Wynn v. Chanos*, No. 14-CV-04329-WHO, 2015 WL 3832561 (N.D. Cal. June 19, 2015)..........9

**STATUTES**
42 U.S.C. § 6305(d) ........................................................................................................ 1, 6
42 U.S.C. §6305(a)(3).................................................................................................... 3, 6
42 U.S.C. 7604(d) ..............................................................................................................6

**OTHER AUTHORITIES**
85 Fed. Reg. 1378 (Jan. 10, 2020) .......................................................................................5

**RULES**
Civ. L.R. 7-2(a) ................................................................................................................1

**REGULATIONS**
10 C.F.R. § 430.5(c)...........................................................................................................3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### L.R. 54-5(B)(1) CERTIFICATION

State Plaintiffs[1] and Federal Defendants (also referred to herein as "Department of Energy" or "DOE") have met and conferred, albeit only briefly, for the purpose of attempting to resolve disputes with respect to this motion.  The brevity of the meet and confer rests on State Plaintiffs' shoulders, having taken until this week to secure the necessary approvals to present a demand to DOE; although State Plaintiffs did request DOE stipulate to a further extension and was refused. See Declaration of Somerset Perry ("Perry Decl.") ¶ 3.  To address this shortcoming, State Plaintiffs are amenable to a modified briefing schedule in order to facilitate settlement talks, and at this time have not requested a hearing date.

### NOTICE OF MOTION AND MOTION

State Plaintiffs have not requested a hearing date pursuant to Civ. L.R. 7-2(a), and respectfully request that the Court wait until to set a hearing date until (a) the Parties file a Joint Stipulation to a modified briefing schedule; or (b) if no stipulation can be agreed to, State Plaintiffs file a request for a hearing date.  This would allow the Parties to determine whether additional time is needed for settlement negotiations.

State Plaintiffs seek an order granting them their fees, costs and litigation expenses in the above captioned matter under the Energy Policy and Conservation Act ("EPCA").  42 U.S.C. § 6305(d).  State Plaintiffs respectfully request that this Court award them $1,388,808.65 in attorneys' fees.

This motion is based on this notice of motion, memorandum of points and authorities in support of the motion, the declarations and timesheets attached as exhibits in support of the motion, and all papers and records on file with the Clerk or which may be submitted prior to the time of the hearing, and any further evidence that may be offered.

---

[1] This litigation was brought on behalf of 12 State Attorney Generals, in addition to the Attorney General for the District of Columbia, the Corporate Counsel for the City of New York, and the California State Energy Resources Conservation and Development Commission ("CEC"). This motion is brought on behalf of the Attorneys General of California, Massachusetts and Minnesota, and the CEC.  The other State Plaintiffs have elected for various reasons not to seek recovery of their attorneys' fees in this litigation.  For purposes of this motion, "State Plaintiffs" refers to the moving parties.

1

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I.   INTRODUCTION**

3         Over the course of eighteen months of complex litigation, State Plaintiffs—alongside

4    Citizen Group Plaintiffs—fought for publication in the Federal Register of four final DOE energy

5    efficiency standards that are estimated to avoid millions of tons of carbon dioxide emissions and

6    save consumers and businesses billions of dollars over a 30-year period.  State Plaintiffs prevailed

7    in this Court, and in October 2019, prevailed in the Ninth Circuit Court of Appeals, establishing

8    an important precedent under the Energy Policy Conservation Act ("EPCA").  In January 2020,

9    pursuant to this Court's Order, DOE published the four energy efficiency standards in the Federal

10   Register.

11        Under the citizen suit provision of EPCA, a court may award costs of litigation, including

12   reasonable attorneys' fees, whenever the court determines such an award is appropriate.  Here, an

13   award is entirely appropriate.  State Plaintiffs seek an award based on a lodestar method that

14   reflects over 2,400 hours of work by attorneys ranging from 4 to over 30 years of experience.

15   The rates requested are based on market rates for the relevant community, principally, the San

16   Francisco Bay Area.  The hours claimed are reasonable, reflecting claims by only 4 of the 15

17   parties in the State Plaintiffs' coalition, eliminating hours worked by several attorneys in the lead

18   State, California, who played peripheral roles, and reducing the remaining attorneys' hours by

19   over 500 hours to account for duplication and hours spent on administrative tasks.  Therefore,

20   State Plaintiffs respectfully request that this Court award them a total of $1,388,808.65 in

21   attorneys' fees.

22   **II.   SUMMARY OF THE LITIGATION**

23        **A.   DOE Refuses to Publish Four Final Energy Efficiency Standards**

24        In December 2016, after a thorough rulemaking process, DOE finalized four energy

25   efficiency standards by posting on its website final rules prescribing the standards.  *Natural*

26   *Resources Defense Council, Inc., et al. v. Perry*, 302 F.Supp.3d 1094, 1096 (N.D. Cal. 2018)[2],

---

[2] Order Denying Defendants' Motions to Dismiss and Granting Plaintiffs' Motions for Summary Judgment ("Order"), Dkt. No. 81. All references to Docket Numbers are for the lead case (17-CV-03404) unless otherwise specified.

1  affirmed, 940 F.3d 1072 (9th Cir. 2019) ("*Perry*").  "Each of the final rules was signed by the

2  appropriate DOE official and states that '[t]he Secretary of Energy has approved publication of

3  this final rule."  *Perry*, 940 F.3d at 1076.  The standards, for portable air conditioners, air

4  compressors, commercial package boilers, and uninterruptible power supplies, are projected by

5  DOE to result in 99 million metric tons of reduced carbon dioxide emissions and save consumers

6  and businesses $8.4 billion.  *Perry*, 302 F.Supp.3d at 1096, citing Dkt. No. 65-2 at ¶¶ 13-16.

7       Under DOE's Error Correction Rule, the Department was required to provide the public

8  with 45 days to review the standards and identify any errors.  10 C.F.R. § 430.5(c).  DOE

9  received only one notice of a minor typo on one of the four rules.  Dkt. No. 66-12 at 3.  The 45-

10  day error correction period for the rule governing air compressors ended on January 19, 2017, and

11  the period for the other three standards ended on February 11, 2017.  *Perry*, 940 F.3d at 1076.

12  Nevertheless, DOE refused to submit these standards to the Office of the Federal Register for

13  Publication.  *Ibid.*

14       **B.**    **The District Court Litigation**

15       After months of inaction from DOE on the four standards, and after sending DOE a 60-day

16  notice letter, a coalition of eleven states and the City of New York brought this lawsuit on June

17  13, 2017, pursuant to the citizen-suit provision of EPCA (42 U.S.C. § 6305(a)(3)), seeking to

18  compel DOE to perform its nondiscretionary duty to publish in the Federal Register four final

19  energy efficiency standards.  Dkt. No. 1 (in Consolidated Case No. 17-cv-03406-VC).

20       Over the next several months, multiple preliminary procedural events occupied the Parties,

21  including: reassignment of the case from a Magistrate Judge to this Court (Dkt. No. 19)

22  consolidation of State Plaintiffs case with Citizen Plaintiffs' case (Dkt. No. 40); a motion from

23  the Air Conditioning, Heating and Refrigeration Institute ("AHRI" or "Intervenor") to intervene

24  (Dkt. Nos. 23, 28, 29); and two amendments of State Plaintiffs' Complaint in order to add as

25  plaintiffs California's State Energy Resources Conservation and Development Commission (the

26  California Energy Commission or CEC), an additional state and the District of Columbia and to

27  remove allegations concerning a fifth efficiency standard after it was published in the Federal

28

State Plaintiffs' Ntc. of Motion for Attorneys' Fees and Costs and Memorandum of Ps & As (17-cv-03404-VC)

1   Register (Dkt. No. 53); and finally, on September 8, 2017, the filing of a Consolidated Complaint

2   by the State and Citizen Plaintiffs (Dkt. No. 60).

3       Subsequently, pursuant to a modified briefing schedule entered by the Court, the Parties

4   embarked on a three-month briefing of DOE's and Intervenor's motions to dismiss and Plaintiffs'

5   cross motions for summary judgment.  Briefing ran through December 22, 2017.  Dkt. No. 67.

6   After hearing argument on January 18, 2018 (Dkt. No. 74), this Court issued an Order on

7   February 15, 2018, denying Defendant's and Intervenor's motions to dismiss and granting

8   Plaintiffs' motion for summary judgment.  Dkt. No. 81.

9       The Court's Order addressed a number of novel issues.  First, the Court found that EPCA's

10  citizen suit provision applies not only to statutory obligations, but also to regulatory obligations.

11  *Perry*, 302 F.Supp.3d at 1097 (interpreting the scope of "any act or duty under this part").

12  Second, the Court held that DOE's Error Correction Rule created a nondiscretionary duty to

13  submit final rules to the Federal Register.  *Id.* at 1097-98.  Third, the Court addressed and

14  dismissed DOE's argument that the Error Correction Rule preserves the Department's "free-

15  standing authority and discretion to continue to assess, modify, or withdraw draft rules" prior to

16  Federal Register publication.  *Id.* at 1098.  Fourth, the Court also addressed and rejected DOE's

17  argument that even if the Error Correction Rule requires publication, it leaves the Department

18  discretion as to the timing of publication.  *Id.* at 1100.  In conclusion, the Court held that DOE

19  had breached its duty under the Error Correction Rule to publish the four energy efficiency

20  standards.  *Id.* at 1101.

21      That, however, did not end the motion practice before this Court, because shortly thereafter

22  DOE filed a motion to stay the effect of the Order pending appeal (Dkt. No. 86), which the Court

23  denied (Dkt. No. 90).  Subsequently, Defendant-Intervenors filed their own motion for a stay

24  (Dkt. No. 93), which the Court also denied (Dkt. No. 98).

25      **C.   DOE's Appeal**

26      On March 20, 2018, DOE filed its notice of appeal (Dkt. No. 92) and, shortly thereafter,

27  filed a motion to stay this Court's Order during the pendency of the appeal (ECF No. 6).  After

28  briefing on the stay motion, on April 11, 2018, the Court of Appeals granted a stay.  ECF No. 42.

4

1    Merits briefing then proceeded through mid-July 2018.  On November 14, 2018, the Court of

2    Appeals heard oral argument.  ECF No. 89.  And, on October 10, 2019, the Court issued its

3    Opinion affirming this Court's Order.  ECF No. 106.

4        The Court of Appeals found that "[a]lthough both sides have advanced compelling

5    arguments in support of their respective positions, we find the plaintiffs' arguments more

6    persuasive."  *Perry*, 940 F.3d at 1074.  The Court of Appeals examined in some detail the

7    regulations and case law concerning publication in the Federal Register, but like this Court,

8    concluded that DOE relinquished whatever discretion it might have when it adopted the Error

9    Correction Rule.  *Id.* at 1077-78.  The Court of Appeals also addressed the other arguments DOE

10   had raised both on appeal and before this Court.  Ultimately, the Court of Appeals held that DOE

11   had "a non-discretionary duty to submit all four rules for publication to the Federal Register

12   within 30 days after the error-correction process ended."  *Id.* at 1079-80.

13       **D.    Post Appeal Proceedings**

14       On December 2, 2019, the Court of Appeals' Mandate issued.  ECF No. 98.  Shortly

15   thereafter, on December 5, 2019, the Court of Appeals granted Plaintiffs' motion to transfer

16   consideration of attorneys' fees on appeal to the district court.  ECF No. 100.  Previously, on

17   April 18, 2018, this Court had granted Plaintiffs' motion to extend Plaintiffs' deadline to move

18   for attorney's fees to 45 days after the Court of Appeals issued its Mandate.  Dkt. No. 103.

19       On January 21, 2020, the Court granted the Parties Stipulation extending the deadline to

20   move for attorneys' fees for an additional 45 days.  Dkt. No. 110.  Subsequently, on March 11,

21   2020, the Court granted the Parties Second Joint Stipulation to extend the deadline to move for

22   attorneys' fees for another 45 days, to and including May 15, 2020.  Dkt. No. 113.

23       Most importantly, on January 10, 2020, the Federal Register published the four energy

24   efficiency standards that were the subject of State Plaintiffs lawsuit.  85 Fed. Reg. 1378, 1447,

25   1504 and 1592 (Jan. 10, 2020).

26

27

28

III.   **AN AWARD OF REASONABLE ATTORNEYS' FEES AND COSTS TO STATE PLAINTIFFS IS ENTIRELY APPROPRIATE**

A.   **The Energy Policy Conservation Act's Citizen Suit Provision Provides for Recovery of Attorneys' Fees and Costs Where Appropriate**

State Plaintiffs brought their action pursuant to the citizen suit provision of the EPCA, which allows for enforcement of a nondiscretionary duty.  42 U.S.C. § 6305(a)(3).  Under that provision of the Act, "[t]he court, in issuing any final order in any action brought pursuant to subsection (a) of this section, may award the costs of litigation (including reasonable attorney and expert witness fees) to any party, whenever the court determines such award is appropriate."  *Id.* at § 6305(d).  While there is not any case law applying this attorneys' fees provision in EPCA, there is persuasive precedent applying a nearly identical provision in the Clean Air Act.  The citizen suit provision of the Clean Air Act provides that "the court may award costs of litigation (including reasonable attorney and expert witness fees) whenever it determines that such award is appropriate."  42 U.S.C. §7604(d).  Courts applying this provision have held that "[i]n order to award attorneys' fees under the Clean Air Act, a court must engage in a two-step inquiry, determining first whether the party seeking fees is the prevailing party, and second, whether the requested fees are reasonable."  *Sierra Club v. Jackson*, 926 F.Supp. 2d 341, 346 (D.D.C. 2013) ("*Sierra Club*"), citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("*Hensley*").

B.   **Attorneys' Fees are Appropriate Given State Plaintiffs Prevailed in this Important Litigation**

There should be no dispute that State Plaintiffs (and Citizen Plaintiffs) are the prevailing party in this litigation.  The District Court's Order and the Ninth Circuit's ruling both held that DOE had violated its own regulations and that State Plaintiffs were entitled to the remedy they sought: an order requiring DOE to perform its nondiscretionary duty to publish the four energy efficiency standards.  *Perry*, 302 F.Supp. 3d at 1101; 940 F.3d at 1081-82.  Further, the Federal Register indeed published the four standards as a result of DOE complying with this Court's Order.  *See*, *e.g.*, 85 Fed. Reg. at 1378 ("Pursuant to an order from the U.S. District Court for the Northern District of California in the consolidated cases of *Natural Resources Defense Council, et al. v. Perry* and *People of the State of California et al. v. Perry*, Case No. 17–cv–03404–VC, as

6

1  affirmed by the U.S. Court of Appeals for the Ninth Circuit in the consolidated cases Nos. 18–

2  15380 and 18–15475, the Department of Energy ("DOE") is publishing elsewhere in this issue of

3  the Federal Register four final rule documents".)  As this Court wrote, "[t]he Department has

4  estimated that over a 30-year period these standards will result in 99 million metric tons of

5  reduced carbon dioxide emissions and save consumers and businesses \$8.4 billion."  *Perry*, 302

6  F.Supp. 3d at 1096 (citing Dkt. No. 65-2 at ¶¶ 13-16).

7      **C.   State Plaintiffs' Lodestar Attorneys' Fee Request is Reasonable**

8      Here, State Plaintiffs seek fees calculated based on the lodestar method.  This method is

9  "appropriate where the relief sought is 'primarily injunctive in nature,' and a fee-shifting statute

10  authorizes 'the award of fees to ensure compensation of counsel undertaking socially beneficial

11  litigation."  *G.F. v. Contra Costa County*, No. 13-CV-03667-MEJ, 2015 WL 7571789 at *12

12  (N.D. Cal. Nov. 25, 2015), citing *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941

13  (9th Cir. 2011).  That is, of course, the type of case the State Plaintiffs have prevailed in here.

14  Instructively, in a Clean Air Act case applying the attorneys' fee provision nearly identical to that

15  in EPCA, the court found that "[g]enerally, the 'starting point' for calculating a reasonable fee is

16  'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly

17  rate.'"  *Sierra Club*, 926 F.Supp. 2d at 346, citing *Hensley*, 461 U.S. at 433; see also *Moreno v.

18  City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008).  As discussed below, the rates and

19  hours sought by State Plaintiffs are reasonable.

20      **1.   Market Rates in the Relevant Community**

21      Where, as in the Clean Air Act and EPCA, the attorneys' fee provision of the statute does

22  not provide guidance on how to calculate the reasonable rate for attorneys, "[t]he general rule …

23  is that the 'reasonable hourly rate that is prevailing in the community for similar work'" applies.

24  *Sierra Club*, 926 F.Supp. 2d at 346, citing *Donnell v. United States*, 682 F.2d 240, 251 (D.C. Cir.

25  1982).[3]  Courts in the Ninth Circuit follow a similar approach, looking to the prevailing hourly

26

27          [3] Further, "[r]easonable fees 'are to be calculated according to the prevailing market rates
in the relevant community, regardless of whether [the] plaintiff is represented by private or
nonprofit counsel."  *Sierra Club*, 926 F.Supp.2d at 347, citing *Blum v. Stevenson*, 465 U.S. 886,

28  895 (1984).

7

rate in the relevant community for similar services by lawyers of reasonably comparable skill, experience and reputation.  *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008); see also *Pollinator Stewardship Council v. U.S. Environmental Protection Agency*, No. 13-72346, 2017 WL 3096105, at *6 (9th Cir., June 27, 2017).  Here, therefore, the relevant community is the San Francisco Bay Area.  All of the proceedings in this matter took place in San Francisco, and the attorneys for the State of California on this matter have their offices in Oakland or San Francisco.  *See* Perry Decl.; Jefferson Decl.; Fiering Decl.; Zonana Decl.; Cannon Decl..  Attorneys from other states, such as Massachusetts and Minnesota have comparable years of experience and have litigated in California Courts.  See Goldberg Decl. ¶ 2; Surdo Decl. ¶¶ 2-3.

To determine the appropriate rate for each of the members of the California Attorney General's Office who worked on this matter, State Plaintiffs looked to recent awards of attorneys' fees in complex cases in this district.  Here, two of the California attorneys had between 4 to 6 years of experience during the litigation.  Perry Decl. ¶ 2; Cannon Decl. ¶ 3.  Recent cases have awarded $405/hour for an attorney with 5 years of experience and $370/hour for an attorney with 4 years of experience,[4] and $425/hour for an attorney with 4 to 5 years of experience.[5]  Indeed, the Ninth Circuit approved a rate of $425/hour for an attorney with approximately 5 years of experience for work performed in 2008.[6]  In a case this past year, the court approved a rate of $510-544/hour for an attorney with 2 years of experience.[7]  Therefore, the $425/hour rate that State Plaintiffs seek for attorneys Perry's and Cannon's work is reasonable.

Two other attorneys for California, had between 19 and 21 years of experience as members of the California bar during the litigation.  In addition, Mr. Zonana is a Supervising Deputy Attorney General, and performed a supervisory role in this matter.  He also practiced law as a member of the bar of the State of New York for three years prior to moving to California and being admitted to the California bar.  Cases in this district have awarded $845/hour for an

---

[4] See *G.F.* 2015 WL 7571789, at *13.
[5] See *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 262 (N.D. Cal. 2015)
[6] *See Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 455 (9th Cir. 2010)
[7] *Grouse River Outfitters Ltd. v. Oracle Corp.*, No. 16-CV-02954-LB, 2019 WL 6682842, at *3 (N.D. Cal., Dec. 6, 2019).

8

attorney with 19 years of experience[8], $875-920/hour for an attorney with approximately 20 years of experience,[9] and $787.50 to $840/hour for attorneys with 16 years of experience.[10]  Thus, the $825/hour rate State Plaintiffs seek for attorneys Jefferson's and Zonana's work is reasonable. Prior to Mr. Zonana acting as the Supervising Deputy on this matter, that role was filled by Supervising Deputy Fiering, who had 32 to 33 years of experience during the litigation.  For purposes of simplicity, State Plaintiffs seek the same $825/hour rate for Ms. Fiering's work.

The attorney from the Massachusetts Attorney General's Office had 25 to 26 years of experience during the litigation.  Goldberg Decl. ¶ 2.  As noted above, cases in this district have awarded attorneys with a few years less experience attorneys' fees from $845 to $920/hour. Counsel for Massachusetts, relies on the Legal Services Index (LSI)-adjusted Laffey Matrix, which recommends a rate of $864/hour.

The two attorneys from the Minnesota Attorney General's Office had 11 and 15 years' experience, respectively, at the time they worked on this case.  Surdo Decl. ¶¶ 2-3.  Cases in this district have supported an award of $650/hour for attorneys with 14 to 15 years of experience.[11] This is comparable to the LSI -adjusted Laffey Matrix, which sets rates at $636 and $747 per hour, respectively.  Surdo Decl. ¶¶ 6-7.  Thus, State Plaintiffs seek fees for attorneys Surdo and Kieley's work at the LSI-Adjusted rates.  These rates are reasonable, especially when considered in light of their ability to limit the amount of hours that were charged to this matter.

### 2.     The Number of Hours State Plaintiffs Seek Fees for is Reasonable

State Plaintiffs claim a total of 2426.75 hours for this litigation, from pre-filing work through both the district court and court of appeal litigation and post-argument work on litigation fees.  The hours claimed are based on contemporaneous billing records reflecting the attorneys work.  See Westlake Decl. ¶¶ 2-3 (attaching time entries for the attorneys with the California Attorney General's Office); Goldberg Decl. ¶ 4; Surdo Decl. ¶ 4.  The breakdown of hours

---

[8] See *G.F.*, 2015 WL 7571789, at *13.
[9] *Wynn v. Chanos*, No. 14-CV-04329-WHO, 2015 WL 3832561, at *2 (N.D. Cal. June 19, 2015).
[10] See *Grouse*, 2019 WL 6682842, at *3.
[11] *See id.*

1    claimed among the eight attorneys is as follows: Mr. Perry (1323.5 hours); Ms. Jefferson (650.75

2    hours); Mr. Cannon (193.5 hours); Ms. Fiering (117.25 hours); Mr. Zonana (40 hours);[12] Mr.

3    Goldberg (53.2 hours), Mr. Surdo (5.3 hours), and Mr. Kieley (43.5 hours).[13]   The declarations of

4    each attorney describe their qualifications, roles and responsibilities in the litigation, and attest to

5    their review of their timesheets in this matter.

6          As discussed below, this total does not include the time recorded by several additional

7    attorneys who worked on the litigation, in California and multiple other Attorneys General's

8    Offices.   And, further reductions have been made to the hours included from the six California

9    attorneys' claim.   Finally, it is notable that a substantial amount of the work on this matter,

10    including argument in the Ninth Circuit, was performed by the most junior attorney on the team.

11          Within the California Attorney General's Office, the litigation was staffed by attorneys

12    from the Environment Section (Perry, Jefferson, Fiering, Zonana) who represented the Attorney

13    General in his independent capacity, and an attorney from the Natural Resources Law Section

14    (Cannon) who represented his client, the CEC.   *See* Perry Decl. ¶ 1; Jefferson Decl. ¶¶ 1-2;

15    Fiering Decl. ¶ 4; Zonana Decl. ¶ 4; Cannon Decl. ¶ 5.

16          Looking over the course of the nearly two years, the litigation and the hours claimed can be

17    broken into a half-dozen phases.

18    ■ Phase 1—Preliminary investigation of the matter; pre-filing research and drafting of

19        Complaint (approximately 7 % of hours);

20    ■ Phase 2—Amendment of complaint; pre-briefing administration of case including

21        intervenor motion and consolidation order (approximately 14 % of hours);

22    ■ Phase 3—Briefing cross-motions for summary judgment, including preparation for and

23        appearance at oral argument (approximately 27 % of hours);

24    ■ Phase 4—Responding to stay motions in district and circuit court by DOE and intervenors

25        (approximately 18 % of hours);

26

27    [12] The hours for California Attorneys are taken from Exhibits A through E of Mr. Westlake's Declaration.   Mr. Perry's Declaration provides a description of the calculation of total hours, after making reductions.   Perry Decl. at ¶¶ 17-18, 27-28.

28    [13] See Goldberg Decl. ¶ 5; Surdo Decl. ¶ 4.

10

1    ■ Phase 5—Briefing Ninth Circuit appeal, including preparation for hearing (approximately

2        26 % of hours); and

3    ■ Phase 6—Post-argument work including fee consideration remand motion and initial

4        discussion re fee negotiations (approximately 7 % of hours).

5        Co-lead attorneys Perry and Jefferson describe the responsibilities they shared in each of

6    these phases in detail in their declarations.  Perry Decl. ¶¶ 20-25; Jefferson Decl. ¶¶ 10-14.

7                  **a.    This Case was Novel, Complex and Hard Fought**

8        As described in the summary of the litigation above, this case was novel, complex and hard

9    fought.  The Ninth Circuit found that "both sides … advanced compelling arguments in support

10   of their respective positions."  *Perry*, 940 F.3d at 1075.  Indeed, the opinions in this litigation

11   account for the entirety of the Notes of Decision in the Annotated United State Code for 42

12   U.S.C. § 6305, attesting to the novelty and importance of the issues.

13        For an administrative law case, this litigation was also motion heavy.  In this Court, the

14   briefing combined motions to dismiss and motions for summary judgment.  The briefing burden

15   on Plaintiffs was expanded by the intervention of AHRI as a defendant.  And, even after this

16   Court's Order on the merits, Plaintiffs briefed three motions to stay before proceeding to briefing

17   the appeal.[14]

18        For State Plaintiffs, the need to coordinate among fifteen parties in multiple time zones,

19   each with their own approval chains, added to the workload.  Perry Decl. ¶¶ 6, 18.  For each filing

20   by State Plaintiffs, particularly significant filings, this would entail the circulation of a draft, the

21   review and incorporation of comments, the recirculation of final drafts for approvals, and the

22   collection of final signature authority.  *Id.* ¶ 26.  In addition, coordination required regular emails

23   and conference calls among the State Plaintiffs' group.  *Ibid.*

24

25

26

---

27      [14] While the Court of Appeals granted Defendants' motion for a stay, State Plaintiffs are

nonetheless entitled to recover fees for their work opposing the stay.  See *Cabrales v. City of Los*

28   *Angeles*, 935  F.2d 1050, 1053 (9th Cir. 1991).

1

### b. Duplicative and Ineffective Time was Removed from the Total Hours Claimed

The hours claimed by the four of fifteen parties to the State Plaintiffs' action have been carefully scrutinized, and over 500 hours have been removed from the total. Jefferson Decl. ¶8; Perry Decl. ¶ 17. First, all hours for attorneys who occupied a peripheral role in the litigation were removed. Perry Decl. ¶ 29. This includes the time of several experienced attorneys who participated as moot court judges. *Ibid.*; *see also* Westlake Decl. at Exhibit A. Second, time spent preparing internal requests for authorization and communicating with the press office were removed. Perry Decl. ¶ 17; Jefferson Decl. ¶ 15. Third, while it was necessary to staff this litigation with two co-lead attorneys from the Environment Section to avoid gaps in coverage because of demands of other cases or unplanned extended absences (which occurred (see Jefferson Decl. ¶ 14), this led to some duplication of work. Primarily for this reason, a total of over 500 hours has been deducted from the hours billed by Ms. Jefferson and Mr. Perry. Jefferson Decl. ¶ 8; Perry Decl. ¶ 17.

The table below summarizes the total hours, deductions, net hours, rate and fees claimed for each attorney, and the total fees claimed.

| **Attorney** | **Gross** | **Deduction** | **Net** | **Rate** | **Total** |
|---|---|---|---|---|---|
| *Perry - CA* | 1359 | 35.75 | 1323.25 | $425 | $562,381.25 |
| *Jefferson - CA* | 1122 | 471.25 | 650.75 | $825 | $536,868.75 |
| *Fiering - CA* | 117.5 | 0.25 | 117.25 | $825 | $96,731.25 |
| *Zonana- CA* | 41.25 | 1.25 | 40 | $825 | $33,000 |
| *Cannon - CA* | 196.75 | 3.25 | 193.5 | $425 | $82,237.50 |
| *Goldberg- MA* | 53.2 | 0 | 53.2 | $864 | $45,964.80 |
| *Kieley - MN* | 43.5 | 0 | 43.5 | $636 | $27,666.00 |
| *Surdo - MN* | 5.3 | 0 | 5.3 | $747 | $3959.10 |
| *TOTAL* | | | **2,426.75** | | **$1,388,808.65** |

12

1

2      IV.    CONCLUSION

3             For the reasons set forth above, State Plaintiffs respectfully request that this Court award

4      them $1,388,808.65 in attorneys' fees as prevailing parties in this litigation.

5
       Dated:  May 15, 2020                            Respectfully submitted,
6
                                                       XAVIER BECERRA
7                                                      Attorney General of California
                                                       DAVID A. ZONANA
8                                                      Supervising Deputy Attorney General

9                                                      /s/ Somerset Perry
                                                       SOMERSET PERRY
10                                                     JAMIE JEFFERSON
                                                       Deputy Attorneys General
11
                                                       *Attorneys for the People of the State of*
12                                                     *California, by and through Attorney General*
                                                       *Xavier Becerra*
13
       Dated:  May 15, 2020                            XAVIER BECERRA
14                                                     Attorney General of California
                                                       ROBERT W. BYRNE
15                                                     Senior Assistant Attorney General
                                                       ANNADEL A. ALMENDRAS
16                                                     Supervising Deputy Attorney General

17                                                     /s/ Bryant B. Cannon
                                                       BRYANT B. CANNON
18                                                     Deputy Attorney General
                                                       455 Golden Gate Ave, Suite 11000
19                                                     San Francisco, CA 94102
                                                       Telephone: (415) 703-1614
20                                                     Fax: (415) 703-5480
                                                       Email: Bryant.Cannon@doj.ca.gov
21
                                                       *Attorneys for the California State Energy*
22                                                     *Resources Conservation and Development*
                                                       *Commission*
23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:  May 15, 2020

MAURA HEALEY
Attorney General of the
Commonwealth of Massachusetts
Attorney for Plaintiff Commonwealth of
Massachusetts

/s/ I. Andrew Goldberg
I. ANDREW GOLDBERG *pro hac vice granted*
Assistant Attorney General
Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, Massachusetts 02108
Tel: (617) 963-2429
Email: andy.goldberg@state.ma.us

Dated:  May 15, 2020

State of Minnesota, by and through its
Minnesota Department of Commerce and
Minnesota Pollution Control Agency
Office of the Attorney General

/s/ Max Kieley
MAX KIELEY, *pro hac vice granted*
Assistant Attorney General
445 Minnesota Street, Suite 900
St. Paul, Minnesota 55101-2127
Tel: (651) 757-1244
Email: max.kieley@ag.state.mn.us

*Attorney for Plaintiff State of Minnesota, by
and through its Minnesota Department of
Commerce and Minnesota Pollution Control
Agency*

14