XAVIER BECERRA
Attorney General of California
DAVID A. ZONANA (SBN: 196029)
Supervising Deputy Attorney General
JAMIE JEFFERSON (SBN: 197142)
SOMERSET PERRY (SBN: 293316)
Deputy Attorneys General
 1515 Clay Street, Suite 2000
 Oakland, CA 94612
 Telephone:  (510) 879-0852
 Fax:  (510) 622-2270
 E-mail:  Somerset.Perry@doj.ca.gov

*Attorneys for the People of the State of California,
by and through Attorney General Xavier Becerra*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NATURAL RESOURCES DEFENSE COUNCIL, INC.; SIERRA CLUB; CONSUMER FEDERATION OF AMERICA; and TEXAS RATEPAYERS' ORGANIZATION TO SAVE ENERGY,**<br><br>Plaintiffs,<br><br>v.<br><br>**RICK PERRY, in his official capacity as Secretary of the United States Department of Energy; and the UNITED STATES DEPARTMENT OF ENERGY,**<br><br>Defendants,<br><br>**and**<br><br>**AIR CONDITIONING, HEATING, AND REFRIGERATION INSTITUTE,**<br><br>Defendant-Intervenor. | Lead Case<br><br>Case No. 17-cv-03404-VC<br><br><br>**STATE PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION FOR ATTORNEYS' FEES**<br><br><br>Date:          August 20, 2020<br>Judge:        Hon. Vince Chhabria<br>Action Filed: June 13, 2017 |

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, BY AND THROUGH ATTORNEY GENERAL XAVIER BECERRA, THE CALIFORNIA ENERGY COMMISSION, STATE OF NEW YORK, STATE OF CONNECTICUT, STATE OF ILLINOIS, STATE OF MAINE, STATE OF MARYLAND, COMMONWEALTH OF MASSACHUSETTS, STATE OF MINNESOTA, BY AND THROUGH ITS MINNESOTA DEPARTMENT OF COMMERCE AND MINNESOTA POLLUTION CONTROL AGENCY, STATE OF OREGON, COMMONWEALTH OF PENNSYLVANIA, STATE OF VERMONT, STATE OF WASHINGTON, THE DISTRICT OF COLUMBIA and CITY OF NEW YORK,<br><br>                                           Plaintiffs,<br><br>                                  v.<br><br>DAN R. BROUILLETTE, AS SECRETARY OF UNITED STATES DEPARTMENT OF ENERGY, and THE UNITED STATES DEPARTMENT OF ENERGY,<br><br>                                   Defendants,<br><br>                              **and**<br><br>AIR CONDITIONING, HEATING, AND REFRIGERATION INSTITUTE,<br><br>                                  Defendant-Intervenor. | *Consolidated with*<br><br>Case No. 17-cv-03406-VC |

**TABLE OF CONTENTS**

Page

INTRODUCTION ................................................................................................................... 1

ARGUMENT ........................................................................................................................... 1

    I.    State Plaintiffs Contest Three of the Items That DOE Deems "Non-Compensable" But Do Not Dispute Others ............................................................. 1

        A.    State Plaintiffs Do Not Contest Reductions for Internal Approvals, Attorney Qualification, Clerical Tasks, Opposing Intervention, or Certain Fee-Related Work ............................................................................. 1

        B.    State Plaintiffs Are Entitled to Full Fees for Their Work on the Alternative Claims and Third-Party Motions, and the Work of Co-States' Counsel ........................................................................................... 1

    II.    DOE's Arguments for "Reductions For Excess" Are in Large Part Erroneous or Overstated ..................................................................................... 3

        A.    DOE Overstates the Amount That Might Reasonably Be Subtracted Based on the Hours State Plaintiffs Spent on Certain Phases of the Litigation ........................................................................................................ 4

        B.    DOE's Record Defect Deductions Are Not Supported by Law or Are Overstated ................................................................................................. 6

            1.    Most of the Time Records That DOE Challenges as Overly Redacted or Vague Are Sufficient to Support the Award of Fees .................................................................................................. 6

            2.    DOE's Asserted Reduction for Quarter-Hour Billing Is Too High ................................................................................................. 7

            3.    State Plaintiffs' Coordination Required Substantial Conferencing ............................................................................... 8

    III.    DOE's "Blanket Reduction" for Duplication Is Unsupportable as State Plaintiffs Were Entitled to Pursue this Litigation in Their Own Right ................... 8

CONCLUSION ...................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Beaver County Employees' Retirement Fund v. Tile Shop Holdings, Inc.*
  No. 16-mc-80076-JSC, 2017 WL 446316 (N.D. Cal. Feb. 2, 2017). ..........................................7

*California Pub. Interest Research Grp. v. Shell Oil Co.*
  No. C92-4023-THE, 1996 WL 33982 (N.D. Cal. Jan. 23, 1996) ................................................7

*Cabrales v. County of Los Angeles*
  935 F.2d 1050 (9th Cir. 1991)....................................................................................................5

*Campbell v. Catholic Cmty. Servs. of W. Washington*
  No. C10-1579-JCC, 2012 WL 13050592 (W.D. Wash. Aug. 8, 2012) .....................................8

*Clarke v. Am. Commerce Nat. Bank*
  974 F.2d 127 (9th Cir. 1992).......................................................................................................6

*Cognizant Tech. Solutions U.S. Corp. v. McAfee*,
  No. 14-CV-01146-WHO, 2014 WL 3885868 (N.D. Cal. Aug. 7, 2014) ...................................7

*Cushing v. McKee*
  853 F.Supp.2d 163 (D. Me. 2012) ..............................................................................................5

*Dem. Party of Washington State v. Reed*
  388 F.3d 1281 (9th Cir. 2004)........................................................................................6, 7, 9, 10

*Hensley v. Eckerhart*
  461 U.S. 424 (1983)..............................................................................................................2, 4

*Jones v. Corbis Corp*
  No. CV 10–8668–SVW (CWx), 2011 WL 4526084 (C.D. Cal. Aug. 24, 2011) ......................7

*Kim v. Fujikawa*
  871 F.2d 1427 (9th Cir. 1989)..................................................................................................3, 5

*Love v. Sanctuary Records Grp., Ltd.*
  386 Fed.Appx 686 (9th Cir. 2010) .............................................................................................3

*Love v. Reilly,*
  924 F.2d 1492 (9th Cir. 1991).....................................................................................................3

*Mathis v. Hydro Air Indus. Inc.*
  No. CV 80-4481, 1986 WL 84360 (C.D. Cal. Feb. 20, 1986)....................................................8

*Moreno v. City of Sacramento*
  534 F.3d 1106 (9th Cir. 2008).....................................................................................................5

**TABLE OF AUTHORITIES**
(continued)

Page

*Nadarajah v. Holder*
    569 F.3d 906 (9th Cir. 2009)......................................................................................2, 4

*Nat. Res. Def. Council, Inc. v. James R. Perry*
    940 F.3d 1072 (9th Cir. 2019)..........................................................................................10

*Nat. Res. Def. Council, Inc. v. Perry*
    302 F. Supp. 3d 1094 (N.D. Cal. 2018) ...........................................................................10

*Pollinator Stewardship Council v. EPA*
    No. 13-72346, 2017 WL 3096105, (9th Cir. June 27, 2017) ..........................................2

*Schwarz v. Sec'y of Health & Human Servs.*
    73 F.3d 895 (9th Cir. 1995)..............................................................................................2

*Seattle Sch. Dist. No. 1 v. State of Wash.*
    633 F.2d 1338 (9th Cir. 1980).........................................................................................2

*Shame on You Productions, Inc. v. Banks*
    No. CV 14–03512–MMM ( JCx), 2016 WL 5929245, *16 (C.D. Cal. Aug. 15,
    2016), *aff'd*, 893 F.3d 661 (9th Cir. 2018) .....................................................................5

*Signature Networks, Inc. v. Estefan*
    No. C 03-4796 SBA, 2005 WL 1249522, (N.D. Cal. May 25, 2005)............................5

*Sw. Ctr. for Biological Diversity v. Bartel*
    No. 98-CV-2234 BJMA, 2007 WL 2506605, (S.D. Cal. Aug. 30, 2007) ......................3

**STATUTES**

42 U.S.C. § 6309 ...................................................................................................................10

# INTRODUCTION

In their Opposition (ECF No. 125), the Department of Energy ("DOE") argues that State Plaintiffs' fee award should be reduced for nineteen separate reasons, across three categories: non-compensable items, reductions for excess, and so-called blanket reductions. Opp. at 30 (table). While a few of DOE's arguments for reductions have merit, and State Plaintiffs therefore concede those points herein, other arguments are erroneous, overreaching, or overstated. Accordingly, this court should reject or scale back most of DOE's proposed reductions. In particular, DOE's largest proposed reduction—a fifty percent *across the board* cut for "overall duplication" with the Citizen Plaintiffs—flies in the face of the facts and binding case law. State Plaintiffs address each category of reductions in turn, and in Exhibit A hereto provide a table summary similar to DOE's. Taking into account all of DOE's arguments, State Plaintiffs respectfully request that this court award them attorneys' fees of $932,006.28, which constitutes a 33% percent reduction from our original request.

# ARGUMENT

I. **STATE PLAINTIFFS CONTEST THREE OF THE ITEMS THAT DOE DEEMS "NON-COMPENSABLE" BUT DO NOT DISPUTE OTHERS**

   A. **State Plaintiffs Do Not Contest Reductions for Internal Approvals, Attorney Qualification, Clerical Tasks, Opposing Intervention, or Certain Fee-Related Work**

For purposes of narrowing the number of issues before the court, State Plaintiffs do not contest DOE's argument as to several categories of billings identified as "non-compensable," and, therefore, modify the fees sought in this action downward by a total of $62,297. The categories of billings State Plaintiffs agree to exclude are those identified as: internal approvals (*see* Newmark Decl. ISO Opposition, Ex. F); attorney qualification and enhancement (*see id*., Ex. G); clerical tasks (*see id*., Ex. H); the Air-Conditioning, Heating, and Refrigeration Institute ("AHRI") intervention motion (*see id*., Ex D); and non-compensable fees-on-fees work, including time record review and settlement authority approvals (*see id*., Ex. Q).

   B. **State Plaintiffs Are Entitled to Full Fees for Their Work on the Alternative Claims and Third-Party Motions, and the Work of Co-States' Counsel**

Under Supreme Court and Ninth Circuit precedent, the State Plaintiffs are entitled to

recover fees for their work on claims not reached by this Court or the Ninth Circuit, and for their work opposing stay motions by DOE *and* defendant-intervenor AHRI. Because the State Plaintiffs obtained unqualified success in this litigation, they "should recover a fully compensatory fee." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). Because those efforts were reasonable and prudent to advance State Plaintiffs' interests at the time they were undertaken, they are compensable. *Nadarajah v. Holder*, 569 F.3d 906, 923 (9th Cir. 2009).

*Alternative Claims*. As to alternative claims, *Hensley* states that "litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters." *Id.*; *see also Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 901 (9th Cir. 1995) ("a plaintiff who has won substantial relief should not have [her] attorney's fee reduced simply because the district court did not adopt each contention raised"); *accord Seattle Sch. Dist. No. 1 v. State of Wash.*, 633 F.2d 1338, 1349 (9th Cir. 1980). While DOE asserts that the claims "had no bearing on the case" (*see* Opp. at 25.), the State Plaintiffs nonetheless achieved their ultimate aims, and raised the alternative claims in good faith, thereby satisfying the standard. Therefore, the court should reject this argument for a $69,253 reduction in State Plaintiffs' fees.

*Third-Party Motions*. State Plaintiffs are also entitled to fees for their opposition to AHRI's stay motions, even though DOE did not join the motions. As explained in *Pollinator Stewardship Council v. EPA*, because State Plaintiffs' "fees for the [intervenor]-related work were incurred in opposing improper government resistance to their rightful demands, [those] fees may be awarded." No. 13-72346, 2017 WL 3096105, at *10 (9th Cir. June 27, 2017) ("*Pollinator*"). DOE seeks to distinguish the case because DOE did not join AHRI's motions, but the Ninth Circuit's determination did not rest on that distinction. Instead, the court awarded fees because "EPA did not request a remand or otherwise acquiesce to Pollinator's claims" and thereby made the plaintiffs' intervenor-related work "necessary." *Id*. *Love v. Reilly* is consistent with this rule, as the court there made the same evaluation but denied fees because the plaintiffs had "not shown that the attorney's fees attributable to fighting the stay were incurred in opposing government resistance" as the government in that case had sought an expedited appeal and did not file a stay

2

motion like the intervenors. 924 F.2d 1492, 1495 (9th Cir. 1991). *Sw. Ctr. for Biological Diversity v. Bartel* crystalizes the rule: "a fee award against the government must exclude that part attributed to a third party's positions in which United States did *not* take a position *adverse* to the prevailing plaintiff." No. 98-CV-2234 BJMA, 2007 WL 2506605, at *8 (S.D. Cal. Aug. 30, 2007) (citing *Love*, 924 F.2d at 1495-96) (emphasis original). Here, DOE did take a position adverse to the State Plaintiffs' in seeking a stay while AHRI also sought a stay, making State Plaintiffs' work necessary. Like the defendant in *Pollinator*, DOE refused to "acquiesce to [State Plaintiff's] demand"; unlike the defendant in *Love*, DOE did not pursue an expedited appeal. As such, this Court should deny this request for a $51,586 reduction in State Plaintiffs' fees.

*Massachusetts and Minnesota bills*. Each State Plaintiff constituted a separate and distinct party that was entitled to retain their own counsel to challenge Defendants' illegal actions. The Massachusetts and Minnesota attorneys performed necessary work in their representation of their respective State Plaintiff clients. *Love v. Sanctuary Records Grp., Ltd.*, 386 Fed.Appx 686, 689 (9th Cir. 2010) (recognizing "ethical obligation [of attorneys for aligned parties] to review the filings independently . . . and coordinate with the attorneys who were filing a motion on their client's behalf"). Furthermore, "the participation of more than one attorney does not necessarily constitute an unnecessary duplication of effort." *Kim v. Fujikawa*, 871 F.2d 1427, 1435 fn.9 (9th Cir. 1989). Their limited fees reflect their positions as co-counsel and were reasonably expended in pursuit of State Plaintiffs' success. Therefore, they are recoverable.

II. **DOE'S ARGUMENTS FOR "REDUCTIONS FOR EXCESS" ARE IN LARGE PART ERRONEOUS OR OVERSTATED**

DOE makes eleven separate arguments for reductions totaling $1,094,149 that it lumps in a category it calls "reductions for excess." That DOE has overreached is immediately evident, given that these reductions would reduce State Plaintiffs' fees to $294,657,[1] before accounting for the $242,860 in fees DOE deems "non-compensable" or the 50 percent "across-the-board reduction DOE seeks, which would further reduce State Plaintiffs fee award to $25,898.50.

---

[1] This figure would be somewhat higher if DOE eliminated the overlap between its arguments, but it did not even venture to estimate that redundancy.

Whatever the shortcomings in State Plaintiffs' fee motion—and we acknowledge several herein—reductions on the scale DOE argues for are not reasonable.[2]

State Plaintiffs divide DOE's "reductions for excess" in two different subcategories, one which seeks reductions to the hours billed to different phases of the case—e.g., summary judgment briefing, appellate brief, etc.—and the other which seeks reductions based on alleged defects in State Plaintiffs' records—e.g., redactions, vagueness, etc. We address each subcategory separately below. In sum, because of the errors and overreach in DOE's arguments, a reduction of no more than $394,505.38 from the State Plaintiffs' fee request would be warranted.

### A. DOE Overstates the Amount That Might Reasonably Be Subtracted Based on the Hours State Plaintiffs Spent on Certain Phases of the Litigation

DOE argues that the State Plaintiffs' seek excessive fees in each phase of the case. At the extreme, DOE argues that State Plaintiffs are not entitled to any fees for time spent opposing DOE's motion for a stay pending appeal. That is flatly wrong. As to other phases of the case, DOE argues for a reduction of 56 percent to 72 percent of the hours State Plaintiffs seek. The deep reductions that DOE seeks are not reasonable, particularly given that State Plaintiffs' opening motion identified over 500 hours of reductions made. State Plaintiffs submit that, at most, a reduction of those phase-specific hours by half the amount sought by DOE would be reasonable. This would amount to a reduction of State Plaintiffs' fees of $222,008.

*DOE's Stay Motion*. To begin, *Hensley* alone would justify the recovery of State Plaintiffs' fees for their work on DOE's stay motions, because they are entitled to full fees as a fully prevailing plaintiff. 461 U.S. at 435. That recovery is further justified by *Nadarajah*, which holds that prevailing plaintiffs are entitled to fees for work which, at the time rendered, "'would have been undertaken by a reasonable and prudent lawyer to advance or protect [the] client's interest in the pursuit of a successful recovery.'" 569 F.3d at 923 (quoting *Moore v. Jas. H. Matthews & Co.*, 682 F.2d 830, 839 (9th Cir. 1982)); *see also Cabrales v. County of Los Angeles*, 935 F.2d

---

[2] While it is certainly appropriate for the court to accord "careful diligence" to its evaluation of the State Plaintiffs' fee request, given that the award would derive from federal coffers (Opp. at 4 (citing *Ctr. for Biological Diversity v. EPA*, No. C 17-00720-WHA, 2017 WL 6761932, at *3 (N.D. Cal. Dec. 4, 2017)), State Plaintiffs entreat the Court to recognize that their expenditures are also drawn from government funds, a substantial portion of which will never be recovered.

1050, 1053 (9th Cir. 1991) ("plaintiff who is unsuccessful at a stage of litigation that was a necessary step to her ultimate victory is entitled to attorney's fees even for the unsuccessful stage"). State Plaintiffs' opposition to DOE's stay motions was reasonable to further the States' interests in the litigation, as the earlier implementation of the regulations would have resulted in greater energy conservation, consumer savings, and environmental protection. Though cited by DOE (*see* Opp. at 18), *Signature Networks, Inc. v. Estefan* does not suggest otherwise: it holds only that an "'improper" action cannot justify attorneys' fees—in that case, a frivolous filing—which the State Plaintiffs' stay oppositions were not. No. C 03-4796 SBA, 2005 WL 1249522, at *5 (N.D. Cal. May 25, 2005).³ DOE misconstrues *Signature Networks* and its interpretation of *Cabrales*, eliding the improper action limitation and ignoring the court's on-point explanation. *Id*.; *see* Opp. at 18. Because State Plaintiffs' oppositions to DOE's stay requests was reasonably made in pursuit of their ultimate success, judged at the time those efforts were made, those fees should be awarded. Therefore, this court should deny this request for a $108,515 reduction in State Plaintiffs' fees.

*Other Phases of the Litigation*. DOE's asserted reductions on five other phases of the case are overstated and unjustified. *See* Opp. at 15-18, 20-22; Newmark Decl., Exs. I, K, L, N and O. DOE argues throughout that the hours should be reduced because State Plaintiffs were making the same arguments across the case. But this fails to recognize that a "competent lawyer won't rely entirely on last year's, or even last month's, research" and that "*some* degree of duplication [is] an inherent part" of "litigating over time." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) (emphasis original). DOE also argues that too many attorneys worked on the case but, as noted above, "the participation of more than one attorney does not necessarily constitute an unnecessary duplication of effort." *Kim*, 871 F.2d at 1435 fn.9. Neither of these arguments justifies a substantial reduction. Nor are the steep reductions justified by DOE's surface analogies to fact-specific determinations in other cases. Further, many of the reductions that DOE seeks in these exhibits overlap with reductions sought on other bases, creating a double counting issue.

---

³ *Cushing v. McKee*, 853 F.Supp.2d 163 (D. Me. 2012) should be disregarded as it is not binding on this court and is contradicted by binding precedent.

A reduction of State Plaintiffs' hours for these phases by half the amount argued by DOE (i.e., a cut of 330 hours, or $222,008) would bring the State Plaintiffs' hours in line with the Citizen Plaintiffs' requested hours. *See* Exhibit B. Such a reduction would be more than sufficient to address DOE's arguments.

### B. DOE's Record Defect Deductions Are Not Supported by Law or Are Overstated

#### 1. Most of the Time Records That DOE Challenges as Overly Redacted or Vague Are Sufficient to Support the Award of Fees

To justify a fee award, a party's hour records must be adequate to allow "a court to form a judgment on whether its fees were legitimate" and conversely "must not impair the ability of the court to judge whether the work was an appropriate basis for fees." *Dem. Party of Washington State v. Reed*, 388 F.3d 1281, 1286 (9th Cir. 2004). Litigants seeking fees are nonetheless entitled to keep work product and attorney-client privileged information protected through redactions. *Id.* (work product may be kept secret in time records); *Clarke v. Am. Commerce Nat. Bank*, 974 F.2d 127, 129 (9th Cir. 1992) (time records revealing litigation strategy and research of particular areas of law privileged). Because State Plaintiffs' hour records meet this standard, despite the justified redactions to protect privileged material, the $357,517 reduction sought by DOE is unwarranted.

In *Reed*, the plaintiffs redacted the subject of their communications and research from their time entries, resulting in entries such as: "'Counsel call to discuss [REDACTED]' AND 'Research Supreme Court case law involving [REDACTED].'" 388 F.3d at 1286. The Ninth Circuit approved the award of fees on the basis of these entries, finding that they met the standard above. Here, the vast majority of the State Plaintiffs' time entries identified by DOE are equivalent to the time entries in *Reed*. A large proportion of the entries identified are communications by attorney Perry which specify to whom the communication is made and the method of communication. This is equivalent to "Counsel call to discuss [REDACTED]." Given that all the time entries include dates, they also provide a reasonable basis to determine what was discussed on the call and therefore the reasonableness of the communication.

Comparing the State Plaintiffs' records with the cases cited by DOE only further demonstrates the adequacy of the records. In *Shame on You Productions, Inc. v. Banks*, the court

rejected entries limited to "Communications re [REDACTED]" but recognized that records need not identify the "topics" of conversations or research. No. CV 14–03512–MMM ( JCx), 2016 WL 5929245, *16 (C.D. Cal. Aug. 15, 2016), *aff'd*, 893 F.3d 661 (9th Cir. 2018). Here, State Plaintiffs' time entries provide more information than those rejected in *Banks*. In *Beaver County Employees' Ret. Fund v. Tile Shop Holdings, Inc.*, also cited by DOE, "every other page [of records was] redacted in its entirety." No. 16-mc-80076-JSC, 2017 WL 446316, at *3 (N.D. Cal. Feb. 2, 2017). State Plaintiffs did not redact whole pages of fee records. Similarly, in *Cognizant Tech. Solutions U.S. Corp. v. McAfee*, entire tasks in block billed entries were redacted; State Plaintiffs only did so when not seeking fees for those entries. No. 14-CV-01146-WHO, 2014 WL 3885868, at *3 (N.D. Cal. Aug. 7, 2014). DOE also cites *Cognizant* to argue that the State Plaintiffs' time records are equivalent to entries such as "Attention to service of process strategy and temporary restraining order strategy" and thus unduly vague. State Plaintiffs' records are instead more similar to time entries such as "Teleconference with [attorney names]" which the court deemed sufficient. *Id*.[4] State Plaintiffs records are also similar to those the court said were "sufficient" for a fee determination in *Jones v. Corbis Corp.*, No. CV 10–8668–SVW (CWx), 2011 WL 4526084, at *6 (C.D. Cal. Aug. 24, 2011) ("Telephone REDACTED conference with [attorney names] re REDACTED"; "analyze and summarize REDACTED").[5]

Nonetheless, State Plaintiffs recognize that a more limited portion of their entries fall short. A reduction one quarter the size of that demanded by DOE (i.e., 333.75 hours or $89,379.25) would more than cover those entries that are arguably too vague to support awarding fees.

**2.    DOE's Asserted Reduction for Quarter-Hour Billing Is Too High**

DOE argues that the State Plaintiffs' lodestar should be reduced due to the use of quarter-hour billing increments. As this practice is the California Attorney General's Office policy, California attorneys were required to do so. Recognizing the possibility of inflated hours due to this practice, attorney Perry in fact eliminated many quarter-hour entries from his time in order to

---

[4] In *Stewart v. Gates*, the entries "were handwritten and virtually indecipherable," which does not apply to the State Plaintiffs' records, almost all of which are typed. 987 F.2d 1450, 1451 (9th Cir. 1993); *see* Opp. at 5.
[5] *See* Ex. D to Decl. of Kathryn J. Fritz ISO Mot. for Attorney Fees and Costs, p. 5, No. CV 10–8668–SVW (CWx), (C.D. Cal. Aug. 24, 2011), ECF No. 69-4.

avoid improper inflation of the amount. *See* Declaration of Somerset Perry ISO Motion, ECF No. 117-7, ¶ 16 (explaining redaction of amount for inefficient entries); *see*, *e.g.*, Declaration of Anthony Westlake ISO Motion for Attorneys' Fees, Corrected Exhibit A, ECF No. 124, p. 52 (eliminating time for three communication entries). At most, State Plaintiffs believe a reduction of no more than half that requested by DOE, or $37,903.12, would be appropriate.

### 3. State Plaintiffs' Coordination Required Substantial Conferencing

DOE asserts that the State Plaintiffs' fee award must be reduced due to excessive conferencing. State Plaintiffs' work on this case require substantial conferencing to coordinate the input on and approval of the briefs, which is understandable and compensable. *Campbell v. Catholic Cmty. Servs. of W. Washington*, No. C10-1579-JCC, 2012 WL 13050592, at *6 (W.D. Wash. Aug. 8, 2012) ("collaborating with others and jointly formulating legal theories is an intrinsic part of litigation success"); *Mathis v. Hydro Air Indus. Inc.*, No. CV 80-4481, 1986 WL 84360, at*31 (C.D. Cal. Feb. 20, 1986) (in "consolidated cases involving different parties, coordination among the parties' counsel is a necessity"). The State Plaintiffs' coalition approach to this litigation also allowed DOE to avoid duplicative suits. If any reduction is warranted, at most, a more modest reduction of half that sought by DOE, or $45,215, would be appropriate.

## III. DOE'S "BLANKET REDUCTION" FOR DUPLICATION IS UNSUPPORTABLE AS STATE PLAINTIFFS WERE ENTITLED TO PURSUE THIS LITIGATION IN THEIR OWN RIGHT

DOE argues that State Plaintiffs' hours should be reduced by half because the State Plaintiffs' litigation was "entirely duplicative" to the Citizen Plaintiffs. Opp. at 15. This argument is not supported by case law, and ignores the necessity of separate representation for the members of the plaintiff coalitions and the efficiencies created by the consolidation of the respective cases.

DOE focuses on the consolidation order (ECF No. 48), granted in response to the parties' joint stipulation for consolidation (ECF No. 34), to assert that State Plaintiffs' fee requests should be reduced because, according to DOE, the plaintiffs did not avoid "any inefficiency". Opp. at 14. DOE ignores the stipulation's provision that "[e]ach set of plaintiffs shall be permitted to file separate motions and briefs, and independently make other litigation decisions." ECF No. 34, ¶ 3. Furthermore, the Court subsequently approved a modified briefing schedule that allowed for

separate briefs to be filed by the two plaintiff coalitions, based on a joint administrative motion submitted by the plaintiffs and DOE. ECF No. 45. Thus, the pursuit of this case by separate plaintiff coalitions was recognized at the outset, accepted by DOE, and approved by the Court.[6]

Separate counsel was appropriate to enable the State Plaintiffs to represent their constituents free from the arguable influence of non-governmental interests and due to the potential divergence in strategy between the plaintiff coalitions. The irony should not be lost that DOE's counsel, the United States Department of Justice—which rarely, if ever, voluntarily files a brief jointly with another party—argues here that sovereign States should have their entitlement to fees cut in half for failing to voluntarily brief this matter jointly with the Citizen Plaintiffs.

DOE's argument is supported neither by the case law it cites, nor other Ninth Circuit case law. DOE relies most heavily on *California Pub. Interest Research Grp. v. Shell Oil Co.* to argue that "care must be given avoid compensation for duplicative services," (Opp. at 14) but DOE fails to examine the facts of the case. No. C92-4023-THE, 1996 WL 33982 (N.D. Cal. Jan. 23, 1996). In that case, the court evaluated a fee request by secondary plaintiffs who filed a parallel case with identical claims to the lead plaintiff four months after the lead plaintiffs filed their case. *Id*. at *1. The lead plaintiffs filed two successful motions for summary judgment and ultimately negotiated a settlement which the secondary plaintiffs joined. *Id.* The court stated that plaintiffs may recover fees under an equivalent fee statute "when they contribute substantially to the goals of the Act by prevailing" and recognized that "[c]ounsel litigating a duplicate suit can, and often do, make substantial contributions toward the goals of a statute by making a distinct contribution to the litigation effort." *Id.* at *2. The court ultimately denied the secondary plaintiffs fee motion because they did not make substantial contributions. Here, State Plaintiffs plainly made "distinct contributions" to the ultimate success of the litigation through their briefs and appearances.

The State Plaintiffs' separate recovery is also consistent with *Reed*. 388 F.3d at 1288. In *Reed*, three political parties challenged Washington State's blanket primary and succeeded in having the process invalidated. *Id.* at 1284. In arguing against a fee award for each plaintiff,

---

[6] Further, the consolidation did in fact create efficiencies, by allowing DOE to respond to the plaintiff coalitions' separate motions in a single brief, and the Court to issue a single ruling.

Washington State argued that the plaintiffs' hours should be combined and compared to its hours, implicitly asserting that the fee requests should be viewed in the same combined manner as DOE argues here. *Id.* at 1287. However, the Ninth Circuit said that was not the appropriate evaluation and awarded fees to each of the plaintiffs without any reductions due to their multiple plaintiff status. *Id*. at 1288. The Court should do the same here and reject DOE's argument that the plaintiffs' work was duplicative.

Here, State Plaintiffs performed distinct work and made unique contributions to the lawsuit's success, though they filed concurrent briefs with the Citizen Plaintiffs. Opp. at 14. The variation of the briefs is apparent from their different emphasis: for example, in the appellate briefs, Citizen Plaintiffs spent twice the pages on Freedom of Information Act/Federal Register Act arguments than the State Plaintiffs. At a more granular level, out of 103 cases cited by the State Plaintiffs, only 43 were also cited by the Citizen Plaintiffs in their equivalent merits briefs.[7]

State Plaintiffs' unique contributions can also be found in the two merits opinions of this case. For example, this Court cited a portion of the relevant regulatory history describing "how DOE *will* eventually publish a final rule" that was only provided by the State Plaintiffs. See *Nat. Res. Def. Council, Inc. v. Perry*, 302 F. Supp. 3d 1094, 1098 (N.D. Cal. 2018) (quoting 81 Fed. Reg. 26,998, 27,002 and adding emphasis); ECF No. 67, p. 7. Likewise, the Ninth Circuit recognized the significance of 42 U.S.C. § 6309, only cited by the State Plaintiffs, in its interpretation of the citizen suit provision. *See Nat. Res. Def. Council, Inc. v. James R. Perry*, 940 F.3d 1072, 1080-81 (9th Cir. 2019); 9th Cir. Dkt. No. 59, p. 42. Because State Plaintiffs pursued this litigation with reasonable effort as their own plaintiff coalition, with separate briefs as allowed by the Court's orders, and made distinct contributions to the ultimate success, they are entitled to fees undiminished by their co-plaintiff status.

## CONCLUSION

For the reasons set forth above and in their opening brief, State Plaintiffs respectfully request that the Court award them attorneys' fees in an amount no less than $932,006.28.

---

[7] DOE's headers argument (*see* Opp. at 14) ignores the understandable overlap given that DOE filed the first brief at each stage.

| | | |
|---|---|---|
| 1 | Dated:  July 29, 2020 | Respectfully submitted, |
| 2 | | XAVIER BECERRA<br>Attorney General of California |
| 3 | | DAVID A. ZONANA<br>Supervising Deputy Attorney General |
| 4 | | |
| 5 | | /s/ Somerset Perry<br>SOMERSET PERRY |
| 6 | | JAMIE JEFFERSON<br>Deputy Attorneys General |
| 7 | | *Attorneys for the People of the State of California, by and through Attorney General Xavier Becerra* |
| 8 | | |
| 9 | Dated:  July 29, 2020 | XAVIER BECERRA<br>Attorney General of California |
| 10 | | ROBERT W. BYRNE<br>Senior Assistant Attorney General |
| 11 | | ANNADEL A. ALMENDRAS<br>Supervising Deputy Attorney General |
| 12 | | |
| 13 | | /s/ Bryant B. Cannon<br>BRYANT B. CANNON |
| 14 | | Deputy Attorney General<br>455 Golden Gate Ave, Suite 11000 |
| 15 | | San Francisco, CA 94102<br>Telephone: (415) 703-1614 |
| 16 | | Fax: (415) 703-5480<br>Email: Bryant.Cannon@doj.ca.gov |
| 17 | | *Attorneys for the California State Energy Resources Conservation and Development Commission* |
| 18 | | |

11

| | | |
|---|---|---|
| 1 | Dated: July 29, 2020 | MAURA HEALEY |
| 2 | | Attorney General of the Commonwealth of Massachusetts |
| 3 | | Attorney for Plaintiff Commonwealth of Massachusetts |

/s/ I. Andrew Goldberg
I. ANDREW GOLDBERG *pro hac vice granted*
Assistant Attorney General
Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, Massachusetts 02108
Tel: (617) 963-2429
Email: andy.goldberg@state.ma.us

*Attorneys for the Commonwealth of Massachussetts*

Dated: July 29, 2020

State of Minnesota, by and through its Minnesota Department of Commerce and Minnesota Pollution Control Agency
Office of the Attorney General

/s/ Max Kieley
MAX KIELEY, *pro hac vice granted*
Assistant Attorney General
445 Minnesota Street, Suite 900
St. Paul, Minnesota 55101-2127
Tel: (651) 757-1244
Email: max.kieley@ag.state.mn.us

*Attorney for the State of Minnesota, by and through its Minnesota Department of Commerce and Minnesota Pollution Control Agency*

OK2017304088
91273505ECR Fee Reply FINAL TABLES.docx