UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, INC., et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>RICK PERRY, et al.,<br><br>    Defendants. | Case No. 17-cv-03404-VC<br><br>**ORDER DENYING WITHOUT PREJUDICE THE STATE PLAINTIFFS' MOTION FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 117 |

  This case presented the pure legal question of whether the Department of Energy was required to publish certain efficiency standards in the Federal Register. Initially, there were two lawsuits. The first was filed by a coalition of advocacy groups; the second by a coalition of states. The lawsuits were consolidated, and the plaintiffs prosecuted the action side-by-side (although the advocacy groups appeared to take the lead). This Court ruled for the plaintiffs on cross-motions for summary judgment, and the Ninth Circuit affirmed the ruling on appeal. The Department then published the standards. On remand, the advocacy groups settled their claim for attorney's fees with the Department, but the states were unable to do so. Accordingly, they have filed a motion for attorney's fees. Their motion originally sought roughly $1.4 million, for roughly 2,400 hours of work performed by 12 different attorneys. On reply, they dialed back their request to just south of $1 million.

  For virtually all the reasons given by the Department of Energy in its opposition brief, the fee motion is unreasonable. Although the case was important and the legal issues complicated, it was a pure legal question, with no depositions, no discovery of any other sort, and no significant document production. Twenty-four hundred hours of work, at a cost of $1.4 million, would be

unreasonable even if the state plaintiffs were fully responsible for the result achieved in the case, as opposed to half or less. This statement applies to the revised request for just under $1 million as well.

The state plaintiffs have already wasted a great deal of the Department's time and money (not to mention their own) pursuing this fee request. It would be a further waste to hold a hearing on this motion, or to sift through the sparse records submitted by the state plaintiffs to determine an appropriate haircut using such an unreasonable starting point. Accordingly, the motion for attorney's fees and costs is denied entirely, without prejudice to refiling a motion that is both more reasonable and better supported by billing records that do not contain so many redactions. If the state plaintiffs decide to file a renewed motion, they should not expect to recover any fees incurred in their efforts to recover fees. Any renewed motion is due within 21 days of this order.

**IT IS SO ORDERED.**

Dated: August 20, 2020

VINCE CHHABRIA
United States District Judge